FLOYD AND FLOYD *v.* BARKER AND FERRIS,
EXECUTORS, &c.

Where there is a general residuary clause in a will, if a specific legacy is revoked, or becomes lapsed, it falls into the residue, to be disposed of under the general clause; but if the residue is given to several persons in common, and one of them dies, or his legacy is revoked, his share will go to the next of kin, and not to the other residuary legatees.

THE complainants are legatees under the will of Gloriana Franklin, who died in 1804. By her will, among other May 25th. things, she bequeathed certain articles of property and certain sums of money, to be paid out of her estate, to Sophia Dayton; and she directed her executors, if upon settling her estate they found they had money in their hands more than *sufficient to pay off the legacies given by the will, or [\*481] if, from any unfavorable circumstances, they should not have sufficient to pay said legacies, that then they should pay to her legatees all such moneys which they should have in their hands, be the same more or less, in proportion to the sums therein given to the legatees, except the sums of money given to her slaves, which were in no case to be diminished or augmented. She afterwards made a codicil, by which she revoked all the gifts and legacies given by her will to Sophia Dayton, and bequeathed the same to certain persons therein named, among whom were the complainants. The bequest to them was as follows: "Also of such money, I give and bequeath to Alfred Floyd, son of John Floyd, and to his heirs and assigns forever, the sum of $250 out of the said money mentioned in my will to be paid to the said Sophia. Also, I give and bequeath to Jesse Floyd, son of the said John Floyd, being in Suffolk county, the sum of $250, and his heirs and assigns." She then continued: "And if the money so given to my said kinswoman Sophia as aforesaid shall be more than sufficient to pay the said legacies, or shall fall short of paying, in such case I will and order that the legacies

be paid accordingly." Thomas Thomas, one of the legatees named in the will, and also in the codicil, died before the testatrix. The defendants who were named as executors in the will took upon themselves the execution of the trust. There was money in their hands more than sufficient to pay off all the pecuniary legacies and the complainants insisted upon the right of having their legacies increased proportionably with the other legatees out of such surplus, and claimed the lapsed share of Thomas Thomas as a part of such surplus. The executors doubting their right, refused to increase the legacies of the complainants, and asked the direction of the court.

*W. Silliman*, for complainants.

*R. Bogardus*, for defendants.

[*482]      *THE CHANCELLOR:—The bill in this cause was filed to obtain the construction of the will of Gloriana Franklin and the codicil annexed, so far as relates to certain legacies given to the complainants in the codicil.

Under the second clause of the will Mrs. Dayton was entitled to half the proceeds of two houses and lots in the city of New York; but by the codicil the legacy to Isaac Sniffin is to be paid out of the same. This, of course, constitutes a part of the fund out of which the legacies to the complainants and others in the codicil are to be paid. It was also undoubtedly the intention of the testatrix that the goods, &c., bequeathed to Mrs. Dayton for life, and the residue to the children, should also constitute a part of that fund. Although the word money is used, yet, as she had directed those goods in the end to be turned into money, she must have intended to dispose of the proceeds thereof in the codicil. The legacy given in the fifth clause of the will of course constitutes a part of the fund, which last fund is to be increased or diminished under the eleventh clause in proportion to the pecuniary legacies therein contained, except those to the blacks. But in ascertaining the

amount of that fund, the lapsed legacy to Thomas Thomas is not to be taken to increase the same.   The amount which would have belonged to him if he had lived does not belong to the legatees in the will, but to the next of kin. And the same rule must be applied to the division of the share originally given to Mrs. Dayton when it comes to be divided among the legatees under the codicil : that is, the share of the complainants to be ascertained and computed in the same manner that it would have been if Thomas Tnomas had survived the testatrix ; and the whole that would in such case have belonged to him now belongs to the next of kin.   Where there is a general residuary clause in a will, if a specific legacy is revoked or becomes lapsed, it falls into the residue to be disposed of under the general clause.   But if the residue is given to several in common, and one of them dies, or the bequest is revoked as to one, his share goes to the next of kin.  (*Cheslyn* v. *Cresswell,* 6 Brown's P. C. 1 ; *Bagwell* v. *Dey,* 1 Peere Wms. R. 700 ; *Hunt* v. *Berkeley,* Mosel. Rep. 48 ; *Skrymsker* v. *\*Northcote,* Wils. Ch. R. 248.)  The case of *Ackroyd* v. *Smithson,* (1 Brown's Ch. Rep. 503,) is very similar to the present.   In that case the executors were directed to sell the real and personal estate and out of the proceeds to pay the debts and legacies; and if there was a surplus, to pay it to his legatees in proportion to their several and respective legacies.   Two of the legatees died in the lifetime of the testator ; and on a bill filed by the next of kin, Lord Thurlow decided that the shares of the two who died were lapsed and belonged to the next of kin, so far as they were constituted of personal estate ; and that so far as those shares were made up of the proceeds of the real estate they belonged to the heir at law.

A decree must be entered declaring the rights of the complainants under the will and codicil as above stated, and if necessary an account must be taken to ascertain the amount due, and the costs of the executors are to be paid out of the fund which belongs to the next of kin in conse-

1829.

Floyd
v.
Barker.

quence of the lapsed legacies. If the complainants had brought all the legatees and next of kin before the court, so that their rights could have been ascertained and settled in this suit, the whole costs would have been allowed out of the general residue; but not having done so, they must bear their own costs, as the other parties interested may be compelled to sustain a similar expense to obtain an account and satisfaction of what is due to them.