ELLSWORTH *vs.* COOK and wife.

Where a judgment is recovered against the husband, during the pendency of
a partition suit, against him and his wife, for the partition of lands of which
he holds an undivided share in right of his wife, a subsequent sale of the
lands under the decree in partition divests the legal lien of the judgment
creditor upon the husband's legal estate in the lands, and converts it into
an equitable lien upon the husband's interest in the fund produced by the
sale ; to the same extent as the legal lien.

A recovery in ejectment, by the husband and wife, of lands belonging to the
wife, gives to the husband such a constructive seisin of the lands as to en-
title him to a life estate therein as tenant by the curtesy initiate.

So a decree in partition, settling the right of the husband and wife to an undi-
vided portion of the land in possession of and claimed by the complainant
in the partition suit, and directing a sale of the whole premises for the pur-
pose of making partition of the fund produced by the sale, is a sufficient
constructive seisin to entitle the husband to claim an interest as tenant by
the curtesy.

Where the real estate of the wife, in which the husband has a life estate as
tenant by the curtesy initiate, is sold under a decree in partition, the cred-
itors of the husband may, by a creditor's bill, reach his interest in the fund
produced by the sale, to the extent of his legal interest in the estate sold.
But they cannot reach the wife's reversionary interest in the fund after
the termination of the husband's life interest therein ; where it has not
been paid over to the husband, but has been invested for the separate use
of the wife and her children under the order of the court.

An application by a party or privy to a suit or proceeding in chancery, for an
order to stay the proceedings against him, on the ground that it is inequitable
to proceed therein, must be made directly to the court itself, in that suit or
matter ; and he is not authorized to obtain a stay of such proceedings by
a preliminary injunction allowed by an officer out of court, upon a bill filed
for that purpose.

THIS was an application to dissolve an injunction upon
the matter of the bill only.   The complainant was a judg-
ment creditor of T. Cook, previous to the sale of the real
estate of the wife of the latter, under a decree of this court
n the nature of a decree in partition ; and the object of
the bill was to reach the husband's interest in the proceeds
of the sale, which were in the hands of the complainant, as
the solicitor and guardian ad litem of Cook and wife in
the suit in which that sale had taken place.   The injunc-

March 2.

1841.

Ellsworth
v.
Cook.

tion restrained the defendants from proceeding, upon a petition to the chancellor, to compel the complainant to deposit the moneys, in his hands, in the New-York Life Insurance and Trust Company, in the name of the register of this court, to accumulate for the separate use of the defendant Mary Ann Cook, the wife, subject to the further order of the court of chancery ; as he had been directed to do by a previous order.

*J. Ellsworth*, in person, for complainant.

*W. A. Beach*, for the defendants.

THE CHANCELLOR. This is not an ordinary creditor's bill to reach the equitable interest of the husband in this fund, after the return of an execution at law unsatisfied ; as it contains none of the averments required by the rules of this court to be inserted in such bills. The whole equity of the bill, therefore, depends upon the fact that the complainant had a legal lien upon the husband's interest in the real estate of his wife previous to the sale under the decree ; and that the effect of the sale was to transfer the lien of the judgment from the husband's legal estate in the land to his interest in the fund produced by the sale, to the same extent. The bill is defective, however, in not stating the time of the commencement of the suit in chancery by Putnam against the defendants and others. For if that suit was subsequent to the recovery of the complainant's judgment, the lien of the judgment upon the husband's interest in the land was not divested by the sale under the decree. And the complainant's remedy, in that case, would be to proceed and sell the husband's interest in the land under the judgment.

That, however, is a mere technical slip in drawing the bill, which would of course be cured by an amendment ; as there is no doubt of the fact, that the complainant's judgment was obtained during the pendency of that suit. The lien of the judgment was therefore divested by the sale un-

der the decree; and by the effect of such sale, it became an equitable lien upon the husband's interest in the fund produced by such sale, to the same extent. So far the judgment creditor of the husband has a preferable claim upon the fund produced by the sale under the decree, but no further. (*See Van Duzer* v. *Van Duzer*, 6 *Paige's R.* 366.) Upon the residue of the fund, produced by the sale of the interest which belonged exclusively to the wife, the creditors of the husband have no claim, either at law or in equity. They cannot, therefore, be permitted to interfere with the disposition which the court has made of the fund, to that extent, for the separate use of the wife and her heirs; under the order of the 20th of April, 1838.

The husband, by virtue of his marriage, acquires the legal title to the rents and profits of his wife's real estate during their joint lives. To that extent, the judgment of the complainant gave him a preferable claim upon the fund, without regard to the question whether he had such a seisin previous to the sale under the decree as to have entitled him to a life estate in the land, after her death, as tenant by the curtesy. But in addition to that, I am satisfied he had such a seisin in this case, of two thirds of his wife's share of the premises, as to make him a tenant by the curtesy initiate; so as to entitle him to a continuance of his estate in those two thirds during the whole period of his own life, in case he survived his wife.

It was unquestionably the law of England, at an early day, that to entitle the husband to an estate for life in his wife's real estate, after her death, as tenant by the curtesy, he must have been actually seised of the land in right of his wife at some time during the coverture. (*Coke Litt.* 29, *a.*) That principle undoubtedly arose out of the ancient law of disseisin; and the principle of the ancient common law, that the disseisin of the tenant of the freehold actually divested his estate in the land, and reduced it to a mere right. Hence, even the English courts have been struggling for more than a century to sustain the right of the husband to his curtesy in the estate of his wife,

and of the wife to her dower in the lands of her husband, in every case in which there was not an actual disseisin. Thus, it has been held that the possession of a lessee, under a lease reserving rent, is an actual seisin of the husband so as to entitle him to a life estate in the land as tenant by the curtesy ; although he neither received or demanded rent during the life of the wife. (*De Gray* v. *Richardson*, 3 *Atk.* 469.) And in another case, where the wife was entitled to an undivided third part of the premises as the heir of her brother, but was kept out of the possession during the continuance of the coverture, by the other tenant in common, who claimed possession, for the brother, of that third of the estate, upon the supposition that he was still living, this was held a good constructive seisin of the husband during coverture, to entitle him to a life interest in that part of the estate as tenant by the curtesy. (*Sterling* v. *Penlinton*, 3 *Eq. Cas. Abr.* 730.)

In the case under consideration, I think the bill shows a sufficient constructive possession, in the husband, of his wife's share of the land, previous to the sale under the decree, to give him a vested estate therein as tenant by the curtesy initiate ; except as to that third thereof in which the mother was entitled to dower. The recovery in ejectment was of itself equivalent to an actual entry upon the land, or at least to an attempt to enter thereon ; so as to give him a constructive seisin in deed, sufficient to have entitled him to hold the estate as tenant by the curtesy, if his wife had died before the actual execution of the writ of possession. But if that was not sufficient, the decree of this court settling the rights of the several parties to the house and lot in question, and directing a sale thereof for the purpose of partitioning their several rights, certainly was equivalent to the taking of an actual possession by the husband of his wife's undivided share of the premises, subject to the right of dower ; as to which right Putnam was held to be entitled to the possession as tenant in common. The lien of the complainant's judgment, upon the interest of the husband as tenant by the curtesy initiate,

became perfect, therefore, previous to the sale of the estate under the decree.

I think, however, the objection is well taken, that a preliminary injunction was not necessary or proper in this case, to protect the equitable lien of the complainant upon the husband's interest in this fund ; even if this bill was necessary to enable the complainant to reach that interest. In the case of *Dyckman* v. *Kernochan*, (2 *Paige's R.* 26,) this court decided that an application, by a party or privy to a proceeding in this court, to stay such proceeding, must be directly to the court itself, in the matter of the suit or proceeding, for an order to that effect ; and that an officer out of court had no authority to allow an injunction for that purpose. Here the complainant was the party against whom the proceeding was instituted, to compel him to pay over the money in his hands, as the solicitor and guardian ad litem of the petitioners. And if the nature of his claim was such that it could not be fully and effectually disposed of on the petition of these defendants, his proper course was to show that fact upon the hearing of the petition ; and to ask for an order suspending the decision as to so much of the fund as was equal to the value of the life estate of the husband therein, upon the principle of life annuities, until the decision of his claim against the husband could be settled by the decree of this court upon the bill which had been filed for that purpose ; or that the order to pay the fund into court should be without prejudice to his claim upon that part thereof which was subject to the lien of the judgment. The effect of this proceeding by injunction, if it can be sustained, is not only to prevent the petitioner from obtaining an order to pay into court that part of the fund, but also to stay the application as to that part which it is admitted belongs exclusively to the wife.

For these reasons, the injunction must be dissolved.