By the Court, Bronson, J.
The first argument for the plaintiffs is, that under the purchase from Irvine in 1814, their grand mother, the widow of Philip Runyon, took an equitable estate for life in the land, and the grantees named in the deed took only a remainder in fee. And then as the life estate of the grand mother did not terminate until after the death of Delia Adair, the mother of the plaintiffs, there was no such actual seisin in Delia Adair as would entitle her husband to take as tenant by the curtesy—there being no curtesy in the wife’s remainder expectant upon an estate of freehold, though it is otherwise of a remainder expectant upon an estate for years. .(Co. Litt. 29, a ; Stoddard v. Gibbs, 1 Sumner 263 ; 2 Black. Com. 127 ; 4 Kent, 29, 30 ; De Grey v. Richardson, 3 Atk. 469 ; Stoughton v. Leigh, 1 Taunt. 402.) I do not *185 think it necessary to inquire whether this rule of the common law prevails in this state; for the plaintiffs only allege that their grand-mother had an equitable estate for life, and we are in a court of law where the legal title must prevail. If we look at the legal title, it appears that Mrs. Adair took a present estate in fee in an undivided eighth part of the farm, and her husband, the father of the plaintiffs, is clearly entitled to a life estate in her share as tenant by the curtesy unless it be an objection to his claim that there wras no actual seisin or possession in the wife—a question which will be noticed hereafter.
It is said that we may presume a conveyance of a life estate to the grand-mother. But there is no foundation for such a presumption. We see that Irvine conveyed the "whole fee to others. And there is no reason for supposing that the grantees in that deed conveyed a life estate to their mother. The parol evidence, if it was admissible for any purpose, shows that there was a family arrangement, under which the land was purchased and conveyed to Drake Runyon and others to hold in certain proportions, with an understanding that the mother of the grantees should occupy the property as long as she lived. She entered and held a year or two, and then sold out her possession—or equity, if it amounted to so much—to Drake Runyon. There is not the slightest foundation for presuming that the grantees of Irvine ever conveyed any title to their mother.
If we look at the parol evidence, it proves too much for the plaintiffs’ case. Their grand-mother paid the whole of the purchase money to Irvine, and if this payment is not to be regarded as a gift of so much money to her children, the grantees in the deed, and if a resulting trust can be set up at law, the grand-mother took a fee in the land. She soon afterwards sold her right to Drake Runyon, and from him there is a complete chain of title down to the defendant. But the parol evidence was only admissible for the purpose of characterising the possession of the grand-mother, and not by way of making out a legal title.
It is said that George Adair did not take as tenant by the *186 curtesy, because there was no actual seisin in the wife during the coverture. But the doctrine that there must be a seisin in deed in the wife, only applies in cases where her title is not complete before entry, as where she takes as heir or devisee, and not where she takes by a conveyance which passes the legal title and seisin of the land. (Jackson v. Johnson, 5 Cowen, 74, 97 ; and see Ellsworth v. Cook, 8 Paige 643.) Here the estate was conveyed to Delia Adair and others by a deed which had its operation under the statute of uses. It passed the legal title and seisin of the land, without the necessity of an entry, or any other act to perfect the estate of the grantees. They gave their mother a parol license to enter and hold for her life. But as there was no writing, she was at the most only a'tenant at will. Her possession was their possession, and so there was an actual, as well as legal seisin in the grantees.
It is then said that the interest of a tenant by the curtesy is only an incumbrance or charge on the land, which cannot be set up by a stranger to defeat the legal title ; and for this doctrine we are referred to Doe v. Pegge, (1 T. R. 758, note,) and Jackson v. Hudson, (3 John. 375.) But these cases do not bear the counsel out. The interest of a tenant by the curtesy is something more than a mere charge or incumbrance ; it is a legal estate in the land.
The only remaining argument for the plaintiffs is, that an extinguishment of the estate of their father as tenant by the curtesy should be presumed. His life estate could only be extinguished by a conveyance, and I see no ground upon which a grant by him to the plaintiffs can be presumed. Neither the plaintiffs nor any one claiming under them have ever been in possession. The defendant is in possession claiming the whole as owner. Presumptions are sometimes indulged for the purpose of supporting a possession; but not very often for the purpose of overturning it. In truth, there is no reason to suppose that the father of the plaintiffs ever parted with his life estate to any one.
'The plaintiffs can only recover -Upon the strength -of their *187 own title, and they have no right to the possession so long as their father lives.
New trial granted.