The Vice-Chancellor.
In Wood v. Clute, (1 Sand. Ch. R. 199,) my conclusion was that the jurisdiction of this court in *509 partition, was now confined to the provisions of the statute, whatever it may have been originally. The revised statutes permit tenants in common, “ any one or more of” them, “ being of full age,” to apply for a partition in the court of chancery. (2 R. S. 317, § 1, and 329, § 79.) The qualification that they shall be of full age, applies equally to all the plaintiffs. There may be one or more, and their estates may be for years, for life or in fee; but they must all be of full age.
This construction of the statute was adopted by Mr. Hoffman in his valuable work on the practice of the court. (2 Hoff. Ch. Pr. 161, 162.) And it is corroborated by the notes of the revisers, on reporting to the legislature the title relative to the partition of lands. They inserted the words “ being of full age,” in conformity to the decision of the supreme court in Jackson ex dem. Gillespy v. Woolsey, (11 Johns. 446, 455,) which was to the effect that under the first statute of partition enacted by the state government, infants might join with one or more adult tenants in common in a suit for partition. (See act of March 16th, 1785, § 1 and 15 : 1 Greenleaf’s Laws of N. Y. 165.) There was no direct prohibition in that act against infants becoming the sole plaintiffs, and the objection taken in Jackson v. Woolsey, was attempted to be sustained by inference.
Therefore the insertion of a positive provision that the applicant or applicants shall be of full age, made in consequence of this decision under the act of 1785, leaves no room to doubt the intention of the revisers, and very little as to the design of the legislature, in the enactment of the revised statutes.
The case of Sears v. Hyer, (1 Paige 483,) arose under the statute of partition as revised in the laws of 1813, 1 Rev. Laws 507, which in this respect, was substantially the same as the act of 1785. It was decided after the revised statutes were enacted, and before they went into operation ; and it does not bear upon the case before me.
I think the demurrer is well taken, and the bill must be dismissed with costs.