## WILLIAM DICKSON
### *v.*
## JAMES TODD et al.

1. RES ADJUDICATA — *what constitutes.* The holder of certain lots of ground by contract of purchase, conveyed the same by deed to another person, but before that deed was recorded the grantor therein procured his vendor to convey the premises to a trustee to secure certain indebtedness of the former, and on default in payment the premises were sold under the deed of trust, a third person becoming the purchaser. The grantee in the first deed then filed his bill in chancery, claiming title to the premises, and the right to redeem from the sale under the trust deed, and on a hearing that bill was dismissed. Pending that suit a judgment was recovered against the complainant therein, and his interest in the lots was levied upon and sold, and the title passed by means of a redemption by a judgment creditor, and a transfer of the sheriff's certificate to a third person, to whom the sheriff made a deed. A subsequent grantee under the title derived through the sale under the deed of trust filed a bill against the holder of the title derived under the execution sale, to remove the cloud upon the title of the complainant created thereby, whereupon the defendant filed his cross-bill, claiming the right to redeem from the trust sale, and thereby to acquire the title to the premises. It was *held*, that the rights of the defendant in the last suit, holding as a purchaser *pendente lite* under the title of the complainant in the first suit, were fully adjudicated and settled by the decree in such former suit.

2. PURCHASERS *pendente lite — bound by the judgment or decree rendered.*
Judgments and decrees bind equally parties and privies, and a purchaser
*pendente lite* stands in the latter category.

APPEAL from the Circuit Court of Cook county; the Hon.
E. S. WILLIAMS, Judge, presiding.

The facts in this case are fully stated in the opinion.

Mr. W. T. BURGESS, for the appellant.

Messrs. HOYNE & HORTON and Mr. J. P. ATWOOD, for the
appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the 7th of August, 1843, Lewis W. Clark, holding lots
14, 15 and 16, in block 22 in Wolcott's addition to Chicago,
by a contract of purchase from Ogden, conveyed the same to
his sister, Letty M. Clark. On the 27th of July, 1848, Clark,
being indebted to Erastus Corning & Co., caused Ogden to con-
vey the legal title to Burch, as trustee, to secure the payment
of said debt. Clark himself united in this deed, and it was
executed and recorded before the record of the above named
deed to Letty M. Clark. Default having been made in the
payment to Corning & Co., Burch sold, under the deed of trust,
on the 9th of October, 1851, and Buckner S. Morris became
the purchaser, to whom Burch did not then make a deed, but
gave a memorandum of the sale. Morris was surety for Clark,
on the debt due Corning & Co. On the 22d of November,
1854, Lewis W. Clark conveyed the premises to Henry H.
Honore.

While the title stood in this condition, and on the 2d of May,
1855 (Burch not having yet conveyed to Morris), Letty M.
Clark filed her bill in the Common Pleas Court of Cook county,
making parties, Burch, Morris, Ogden, Corning & Co. and the
widow and heirs of Lewis W. Clark, who had, in the meantime,
departed this life, and claimed title in her bill to these lots,
under her deed from Clark, on the ground, that, although the
deed of trust to Burch was first recorded, the parties thereto,

and all persons claiming under it, were chargeable with actual notice through her alleged possession of the property. The bill further charged, that the purchase by Morris, at the sale under the deed of trust, was for the benefit of Clark, and in secret trust for him, and to enable him to hold the property discharged of the rights of the complainant, under her deed of August 7th, 1843. The bill prayed that an account be taken of the debt due Corning & Co., and secured by the deed of trust, and that the complainant be permitted to redeem the property by paying the amount found due. The defendants answered, and the case having been heard on the pleadings and proofs, the bill was dismissed. The complainant brought the record to this court, and the decree of the Common Pleas was affirmed. The case is reported in 22 Ill. 434.

While the foregoing suit was pending, one Benedict recovered a judgment against Letty M. Clark, upon which execution issued, and the sheriff sold her interest in the lots in controversy to one Hall. The title thus acquired passed by means of a redemption by another judgment creditor, and a transfer of the sheriff's certificate, to Dickson, the present appellant, and on the 12th of July, 1858, the sheriff made him a deed. All this occurred pending the above mentioned suit.

After that suit was finally disposed of in this court, Burch, still holding the legal title, conveyed it to Morris, who, as already stated, had become the purchaser at the sale under the deed of trust, before that suit had commenced, and Morris, on the 30th of January, 1860, conveyed to Honore, who, on the 6th of April, 1860, conveyed, for a valuable consideration, to Todd. The bill in this case was filed by Todd against Dickson, to remove the cloud upon the title created by Dickson's claim to the premises, under his sheriff's deed, above mentioned. Dickson answered, and filed a cross-bill claiming the right to redeem from the sale under the Burch deed of trust, and by redeeming, acquire title to the premises. The Circuit Court decreed in favor of Todd, and dismissed the cross-bill. Dickson brings the record here by appeal.

The statement of the foregoing facts is nearly all that is necessary to be said to dispose of this case. A plainer instance

of *res adjudicata* does not often arise. If the rights of the parties to this record are not concluded by the former litigation and decree in the case of Letty M. Clark against Morris and others, we shall almost despair of definitely settling the rights of parties in any suit. It is not denied by counsel for appellant that Dickson, who acquired the title of Letty M. Clark pending the former suit, took it subject to whatever decree in that suit the court might make. This is familiar law. If such were not the rule, parties, by transferring their rights *pendente lite*, might keep the door of litigation perpetually open over the same subject matter. Judgments and decrees bind equally parties and privies, and a purchaser *pendente lite* stands in the latter category.

In this suit, then, Dickson stands in the shoes of Letty M. Clark, and is bound by the former decree against her, in favor of the parties under whom Todd claims, if the subject matter of the two suits was the same. The only difference which the counsel for the appellant attempts to point out is this: He insists, that the *title* to the premises, as a question of paramount title, was only in controversy in the first suit, while the present cross-bill is a bill to redeem. But this is an error. The bill in the former case did not proceed on the ground of paramount title alone; on the contrary, it distinctly put in issue the right to redeem from the sale under the trust deed. As we have already shown, in speaking of that bill, it avers, that the purchase by Morris, under the trust deed, was made for the benefit of Lewis W. Clark, and in trust for him, and to enable him to hold the premises discharged of the claim of Letty M. Clark, under her deed of August 7, 1843, and asks an account to be stated between Clark and Corning & Co., and to be permitted to redeem. It is, therefore, perfectly clear, that the right to redeem was as much in issue in the former suit as in the present.

Counsel allege, that the present cross-bill avers an agreement between Morris and Clark, that Clark should be permitted to redeem, and in that respect differs from the former bill. But this is simply averring a circumstance, which, if true, would go

to show that Morris did purchase in trust for Clark, subject to the payment of his advances, and the allegation that he did so purchase was made in the former bill, and the right to redeem was claimed as a consequence. Proof of the agreement, alleged in the present bill to have been made, would have been admissible in evidence under the former bill. Indeed, the evidence relied upon to prove such agreement is the answer of Morris to the former bill. But it is sufficient to say, that the question, whether there was a trust for the benefit of Clark in the purchase of Morris, and whether there was a consequent right to redeem, were distinctly put in issue in the former cause, and decided against the then complainant. That decree is binding upon Dickson, and conclusive of the present case.

*Decree affirmed.*