JACQUES and wife *vs.* ENNIS.

1. Where lands, subject to curtesy, are sold by commissioners in such manner as to pass title free of the curtesy, the interest of the proceeds will belong to the tenant by curtesy, during life.

2. The lands in this case *held* not to have been sold free of curtesy but subject to it, because the order of the Orphans Court directing the sale was made without the tenant by the curtesy having been made a party to the proceedings, and without any adjudication whatever, respecting his estate.

*Mr. Dixon*, for complainants.

*Mr. Shafer*, for defendant.

THE VICE-CHANCELLOR.

Washington I. Jaques and Mary his wife, have filed the bill in this suit against Thomas W. Ennis, the father of Mary, for an account of the proceeds of sale of certain real estate in

the county of Union, belonging to her, and sold by commissioners in partition, who paid over the proceeds to said Ennis, her guardian. At the time of the sale she was seized of an undivided third part, subject to her father's right therein as tenant by the curtesy. The question for decision is whether the father is entitled to the interest, during his life, arising from the moneys so paid to him by the commissioners; and to decide this question it is necessary to determine whether the moneys so paid are the proceeds of a sale of her estate in the land, together with her father's, or of her estate alone—in other words, whether the premises were sold subject to or discharged of his curtesy.

The wife of Ennis and mother of Mary, died seized of the undivided estate, in 1853, when Mary was an infant. As tenant by curtesy the father took the rents and proceeds till the sale, in 1858. In May, 1858, he was appointed by the Union county Orphans Court guardian of Mary, and in the proceedings in that court afterwards begun, by one of the three tenants in common, for partition of the whole tract, the statutory notice to be given to Mary was served on him as her guardian, but he was not made a party to the proceedings, nor was his estate by the curtesy admitted or adverted to. The whole tract was bought in at the commissioners' sale by Ennis and the petitioner, who instituted the partition proceedings.

There can be no dispute that where lands, situated like those now in question, are sold so as to pass title free of the curtesy, the interest of the proceeds will belong to the tenant by curtesy, during life. This proposition is established or recognized by the authorities cited for the defendant, viz.: *Ellsworth* v. *Cook*, 8 *Paige* 643; *Dunscomb* v. *Dunscomb*, 1 *Johns. Ch.* 508; *Follett* v. *Tyrer*, 14 *Simons* 125. But in this case the estate by curtesy does not appear to have been sold. The act supplemental to the act respecting partition, which was approved February 12th, 1855, (*Nix. Dig., 4th ed.*, 672,) provides that where the sale of premises subject to dower or curtesy shall be ordered, the owner of such

estate having been made a party to the proceedings, and the estate having been adjudged to be sold, the estate shall pass by the sale, and the purchaser shall hold the premises free and discharged thereof. The owner here was not made a party, and no adjudication whatever was made respecting his estate. Had the premises been directed to be sold together with the curtesy, they would doubtless have commanded a higher price at the sale. If there was any belief on the part of bidders that the premises were to be sold subject to curtesy, or any doubt in regard to it, it would plainly be wrong for the defendant to take advantage of a purchase at a lower price, caused by a belief or doubt occasioned by his own conduct or default.

There should be a decree that the defendant account, according to the prayer of the bill.