Yates v. Smith.

---

CHARLES H. YATES ET AL.

v.

CHARLES SMITH.

1.  VENDOR'S LIEN—GROWING CROPS.—A vendor's lien created by express contract in the deed is in effect a mortgage, and as in a mortgage, the crops growing on the demised premises are covered by the lien, until severed from the soil; and if the land be sold for condition broken before severance, the purchaser is entitled to the growing crops, as against the mortgagor and all persons claiming by or under him.

2.  LIS PENDENS.—Where, at the time a party becomes a tenant, there is a suit pending in reference to the lands rented, whatever rights the tenant has he takes in subservience to the rights of the parties, as finally determined in the pending litigation.

3.  PURCHASER UNDER FORECLOSURE.—Appellees foreclosed their lien as vendors, and purchased the property at the sale under the decree.   Their deed entitled them to immediate possession not only of the land, but of the crops standing thereon.

4.  TORTIOUS TAKING—DEMAND.—The taking of the wheat in question being tortious, no demand for its return was necessary before bringing replevin.

APPEAL from the Circuit Court of Greene county; the Hon. OWEN T. REEVES, Judge, presiding.   Opinion filed October 24, 1882.

HIGBEE, J.   This was an action of replevin commenced by

appellants against appellee, at the September term, 1880, of the Greene Circuit Court, to recover the possession of a lot of wheat alleged to be unlawfully detained by appellee from them.

The defendant below pleaded first, property in himself, and second, property in one John R. Keach.

A trial of the cause resulted in a judgment in favor of the defendant, from which appellants appeal to this court.

There is but little or no dispute about the main facts in the case.

The wheat in controversy was sowed in September, 1879, and harvested in June, 1880, by appellee, on certain lands in Greene county rented by him of John Mapper, who had rented the same of John R. Keach in July of the same year.

On May 13, 1872, E. A. Yates and others sold and conveyed the lands to said John R. Keach, reserving in the deed a lien for the purchase money. This deed was duly recorded December 9, 1872.

On bill filed by appellants against Keach for that purpose, the Circuit Court of the United States for the Southern District of Illinois in April, 1878, rendered a decree establishing said lien, finding the amount due, and ordering the sale of said premises for the satisfaction thereof; and under this decree the lands were sold to appellants August 17, 1878, and a deed executed to the purchaser December 12, 1879.

The vendor's lien was created by express contract of the parties and was, in effect, a mortgage to secure the purchase money, and from the time the deed was recorded it was notice to all parties acquiring rights under Keach, of the rights of appellants.

The lands were rented by Mapper and appellee of Keach long after this deed was recorded, and as against appellants they acquired no better rights to the crops growing on the premises than Keach himself had.

It is a well settled rule of law that crops growing on mortgaged land are covered by the mortgage, whether planted before or after its execution, and until they are severed the mortgage attaches as well to the crops as to the land; and if

the land be sold for condition broken before severance, the purchaser is entitled to the growing crops, not only as against the mortgagor, but against all persons claiming in any manner through or under him, subsequent to the recording of the mortgage: Rankin v. Kinsey, 7 Bradwell, 215; Harman v. Fisher, 9 Bradwell, 22; Sugden v. Beasley, 9 Bradwell, 71; Anderson et al. v. Straub, 98 Ill. 485; Jones et al. v. Thomas, 8 Blackford, 428; Jones on Mortgages, Secs. 676, 699 and 780; Washburn's Real Property, 106. Again, at the time appellee rented the premises, a suit in reference to these identical lands was pending in court between appellants and Keach, and whatever rights he acquired were held in subservience to the rights of the parties as finally determined in the pending litigation.

The deed under the decree entitled the purchasers to the immediate possession, as owners, of not only the land, but the crops standing and growing thereon, and the subsequent acts of appellee in harvesting and taking possession of the wheat were tortious as to them, and no demand of possession was necessary before bringing this suit.

Judgment reversed and cause remanded.

Reversed.