JOHN I. TILTON, Appellant, *v.* SUSAN M. VAIL and Others, Respondents.

*Action for partition — a tenant by the curtesy, of an undivided share, may maintain it — Code of Civil Procedure, sec.* 1532.

In January, 1871, one Vail died seized of certain real estate, leaving him surviving his widow, a son and two daughters. In December, 1881, one of the daughters intermarried with the plaintiff. On June 30, 1884, she gave

birth to a male child, who lived only for a day, and on July eighth she died intestate, leaving her mother, sister, brother and the plaintiff her surviving.

*Held,* that the real estate was held by the plaintiff and the widow and surviving children of Vail as tenants in common, and that the plaintiff was entitled to maintain an action for the partition of the property under the provisions of section 1532 of the Code of Civil Procedure.

APPEAL from an order denying a motion for a reference to take proof of title.

*William C. Beecher,* for the appellant.

*Alexander Thain,* for the respondents.

BRADY, J.:

This action was brought for the partition of real estate situate in this city. Joshua R. Vail died seized of the premises in January, 1871, leaving him surviving his widow, Susan M. Vail, his son, John R. Vail, and his daughters, Adelina M. Vail and Lilla B. Vail. Lilla, on the 15th of December, 1881, intermarried with the plaintiff. On the 30th of June, 1884, she gave birth to a male child, who lived only for a day, and she died, upon the eighth of July following, intestate, leaving her mother, sister, brother and the plaintiff surviving.

The complaint avers that the plaintiff and defendant are tenants in common in possession, which is admitted, and it is also admitted that the former is entitled to an estate in the premises as tenant by the curtesy in the undivided one-third part which his wife, Lilla B. Tilton, took, subject to the dower right of the defendant, Susan M. Vail, and incumbrances, if any. But the defendants by answer, although admitting the facts which have been stated, still, upon information and belief, claim that the plaintiff has no such interest in the premises as entitles him to maintain the action. And this view was sustained by the learned justice to whom application was made for an order of reference to take proof of title, and who denied it upon the ground that the plaintiff could not maintain the action, and which is stated without elaboration by the learned justice

Prior to the enactment of the Code of Procedure it was declared in a series of cases that a tenant by the curtesy could maintain an action for partition. (*Riker* v. *Darke,* 4 Edw. Ch., 668; *Sears* v.

*Hyer*, 1 Paige, 483, 486; Freeman on Cotenancy and Partition, § 456; 5 Wait's Prac., 30.) The Code, by section 1532, provides that: "Where two or more persons hold and are in possession of real property, as joint tenants or as tenants in common, in which either of them has an estate of inheritance or for life or for years, any one or more of them may maintain an action for the partition of the property, according to the respective rights of the persons interested therein." And the proposition is at once suggested that if the plaintiff is a tenant in common in possession, he is within the purview of this statute.

Tenants in common are such as hold by several and distinct titles, but by unity of possession, and, therefore, one may hold his part in fee simple and the other in tail or for life. There is no necessity for unity of interest. (Chase's Blackstone, 368.) Or, to express it differently, tenants in common are such as have a unity of possession, but a distinct and several title to their shares. (Williams on Real Property, 136.) To the same effect see McCall on Real Property. (P. 133, § 21).

The plaintiff, in consequence of his life estate, being a tenant in common, and in possession in common with others, of the premises of which partition is sought under the section just referred to, seems to have an undoubted right to maintain the action. There are other sections of the Code which may be said to bear upon this subject, but it is not necessary to consider them, inasmuch as it might lead to confusion. The section referred to is broad and comprehensive, and seems to be unanswerable.

For these reasons the order appealed from must be reversed, with ten dollars costs and disbursements to abide the event.

DAVIS, P. J., and DANIELS, J., concurred in the result.

Order reversed, with ten dollars costs and disbursements to abide event.