Brady, J.
This action was brought for the partition real estate situate in this city.
Joshua R. Vail died seized of the premises in Januar 1871, leaving him surviving his widow Susan M. Vail, h: son John R. Vail, and his daughters Adelina M. Vail a: Lilla B. Vail. Lilia, on the 15th of December, 1881, inte: married with the plaintiff. On the 30th of June, 1884, s' gave birth to a male child who lived only for a day, a: she died upon the 8th of July following, and intestafc leaving her mother, sister, brother and the plainti] surviving.
The complaint avers that the plaintiff and defendant a: tenants in common in possession, which is admitted, ar it is also admitted that the former is entitled to an esta] in the premises as tenant by the curtesy in the undivid one-third part which his wife Lilla B. Tilton took subje to the dower right of the defendant Susam M. Vail, a: incumbrances, if any. But the defendants, by answi although admitting the facts which have been stated, stil upon information and belief, claim that the plaintiff has J such interest in the premises as entitles him to mainti the action. And this view was sustained by the learn] *501 justice to whom application was made for an order of reference to take proof of title, and who denied it upon the ground that the plaintiff could not maintain the action, and which is stated without elaboration by the learned justice.
Prior to the enactment of the Code Procedure, it was declared in a series of cases that a tenant by the courtesy could maintain an action for partition. Riker v. Drake, 4 Edw. Ch., 668; Sears v. Hyer, 1 Paige, 483, 486; Freeman on Co-tenancy and Partition, § 456; 5 Waite’s Practice, 30. The Code, by section 1532, provides that “Where two or more persons hold and are in possession of real property, as joint tenants or as tenants in common, in which either of them has an estate of inheritance for life or for years, any one or more of them may maintain an action for the partition of the property, according to the respective rights of the persons interested therein.” And the proposition is at once suggested that if the plaintiff is a .tenant in common in possession he is within the purview?" of ¡this statute.
Tenants in common are such as hold by several and disItinct titles, but by unity of possession, and, therefore, one may hold his part in fee simple and the other in tail or for [life. There is no necessity for unity of interest. Chase’s IBIackstone, 368. Or, to express it differently, tenants in Icommon are such as have a unity of possession, but a disItinct and several title to their shares. Williams on Beal Property, 136. To the same effect see McCall on Beal Property, 133, § 21.
The plaintiff, in consequence of Ms life estate, being a ¡tenant in common and in possession in common "with others if the premises of which partition is sought, under the Section just referred to seems to have an undoubted right to maintain the action.
There are other sections of the Code which may be said to bear upon this subject, but it is not necessary to consider them, inasmuch as it might lead to confusion. The section referred to is broad and comprehensive, and seems |o be unanswerable.
For these reasons the order appealed from must be Reversed, with ten dollars costs and disbursements to abide xe event.
Davis, P. esult. J., concurs, and Daniels, J., concurs in the