### Anton J. Brachtendorf et al. v. John Frederick Kehm et al.

1. PENDENTE LITE—*Purchasers.*—A purchaser *pendente lite* takes subject to the rights of the parties to the suit as the same may be finally determined in the pending litigation.

2. JUDGMENTS—*Binding Effect of.*—Judgments and decrees bind equally parties and privies, and a purchaser *pendente lite* stands in the latter category.

3. DECREES—*Interlocutory, Not Reversible on Error.*—An interlocutory decree is not reversible on error.

4. ASSIGNMENT OF ERROR—*What Must be Set Forth.*—An assignment of error, like a pleading, must set forth errors which are available to all who join in it; if not good as to all it is not good as to any.

**Bill for Partition.**—Error to the Circuit Court of Cook County. The Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed December 16, 1897.

LOEB & ADLER, attorneys for plaintiffs in error.

JAMES A. PETERSON, attorney for defendants in error.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

The defendants in error filed a bill in the Circuit Court, October 23, 1896, praying for the partition of certain prem-

ises therein described, and making Anton J. Brachtendorf, plaintiff in error, and others, defendants.   Summons having been served on all the defendants and they having failed to answer, the bill was taken as confessed as against them November 20, 1896.   January 15, 1897, a decree was entered finding the title to the premises as stated in the bill, decreeing a partition and appointing commissioners to make partition. The commissioners, April 16, 1897, reported that the premises were not susceptible of division, and appraised the same, and, on motion of the complainants, Eva Wildner was appointed a receiver of the premises, with power to take possession thereof, collect the rents and keep the premises in repair.   Also, April 16, 1897, a decree was entered, finding that the premises were not susceptible of partition, without prejudice to the parties, and ordering a sale by the master on terms specified in the order.   Eva Wildner filed her bond as receiver, and May 3, 1897, an order was entered granting leave to her to file a petition. and ruling Anton J. Brachtendorf, Helena Brachtendorf, and George Mentzel, receiver of Brachtendorf & Grein, to answer the petition before 10 o'clock A. M., May 6, 1897.

. The petition alleges, among other things, that Brachtendorf & Grein occupied part of the premises as tenants from month to month, and that on March 22, 1897, the owners of the fee simple title to the premises served said tenants with notice to terminate the tenancy May 1, 1897, and that March 23, 1897, a like notice was served on George Mentzel, receiver for Brachtendorf & Grein; that March 29, 1897, Helena Brachtendorf, wife of Anton J. Brachtendorf went into possession; that April 29, 1897, Peterson, complainant's solicitor, found Mentzel, receiver, and another person, in possession of the premises, and exhibited to them a certified copy of the order appointing petitioner receiver; that April 30, 1897, petitioner found Carrie L. Marshall, agent of Helena Brachtendorf, in possession, and that, on demand made by petitioner, said Marshall refused to surrender possession; that certified copies of the order appointing petitioner receiver were exhibited to all parties in posses-

sion; that Helena Brachtendorf tendered petitioner the rent for the month of April, but petitioner refused to accept the same, etc.   Petitioner prays for an order for delivery of possession to her, etc.,

Answer filed May 6, 1897, admits that, March 18, 1897, Brachtendorf & Grein were in possession of the premises, and alleges that on that day Mentzel was appointed receiver of the partnership assets of Brachtendorf & Grein, and took possession of the same, and was directed by the Circuit Court to advertise for bids for the leasehold interest of Brachtendorf & Grein; that March 24, 1897, in case of Anton J. Brachtendorf against Bernard Grein, in which said receiver was appointed, the complainant, Frederick Kehm, and the defendants, John William Kehm and Chas. Edward Kehm, filed their intervening petition to settle the same issues raised by the petition herein, which petition is still pending; that in said cause Mentzel, receiver, by order of the court, sold and assigned to Helena Brachtendorf all the leasehold interest of Brachtendorf & Grein in said premises, and that the parties to the cause, including said Wildner, were represented by their solicitor when said order was made; that said Helena has been in possession since March 31, 1897, and has offered and still offers to pay thirty dollars rent for the month of April, which petitioner refuses to receive; that said Helena offers to pay as high rent for said premises as any person will pay; that she paid, at receiver's sale, March 31, 1897, three hundred dollars for the leasehold interest of Brachtendorf & Grein in said premises, etc.

It appears from the answer that the order for the sale of the leasehold was made in the suit of Anton J. Brachtendorf v. Bernard Grein, in another branch of the Circuit Court.

May 19, 1897, the court entered an order by which, after reciting that all parties to said petition were represented in court, plaintiffs in error and others were ordered to deliver, forthwith, to the receiver Wildner, without further notice or demand therefor, possession of the premises described in

the petition.    Helena Brachtendorf was not a party to the bill for partition; Brachtendorf & Grein, whose leasehold interest she claims by her answer to have purchased, were parties.    The decree of sale, after providing that upon confirmation of the sale a deed or deeds should be executed, proceeds as follows :  " And it is further ordered, adjudged and decreed by the court, that upon the execution and delivery of the deed or deeds aforesaid, the grantee or grantees, his or their heirs, successors or assigns, be let into the possession of the portion of said premises so conveyed, and that any of the parties to this cause who may be in possession of the premises, or any part thereof, and any person who, since the commencement of this suit, shall have come into posses- sion under them or either of them, shall, on the production of said master's deed, and the service of a certified copy of this decree, surrender possession thereof to such grantee or grantees," etc.    Anton J. Brachtendorf and Barney Grein, who were defendants to the bill, were bound by this decree.

The bill, as before stated, was filed October 23, 1896, and Helena Brachtendorf became a purchaser of the leasehold interest of Brachtendorf & Grein March 24, 1897, as she avers in her answer to the petition of Wildner, receiver Being a purchaser *pendente lite* she took subject to the rights of the parties to the suit, as the same might be finally determined in the pending litigation.    Yates v. Smith, 11 Ill. App. 459; Vanzant v. Vanzant, 23 Ill. 536; Dickson v. Todd et al., 43 Ill. 504.

In the last case the court say :  " Judgments and decrees bind equally parties and privies, and a purchaser *pendente lite* stands in the latter category."    Ib. 507; Alwood v. Mansfield et al., 59 Ill. 496; Ellis et al. v. Sisson et al., 96 Ill. 105.

In the last case the purchase *pendente lite* was at a sale on an execution issued on a judgment.    Dugger et al. v. Oglesby, 99 Ill. 405.

The rights of Brachtendorf & Grein, privies in estate of Helena Brachtendorf, having been concluded by the decree of sale rendered April 16, 1897, her rights in the leasehold estate were also concluded thereby.

Helena Brachtendorf being the wife of Anton Brachtendorf, who was a defendent to the bill for partition, there is a strong presumption that she had actual notice of the bill.

The plaintiffs have assigned as error the appointment, April 16, 1897, of Eva Wildner as receiver. This was an interlocutory decree, and is not reversible on error. Coates v. Cunningham, 80 Ill. 467.

The other errors assigned all go to the order of May 19, 1897.

Anton J. Brachtendorf, one of the plaintiffs in error, has no interest whatever in the leasehold, formerly of Brachtendorf & Grein, whether the decree of sale in the partition suit, or the order of sale in the chancery suit mentioned in the answer of Helena Brachtendorf, is to be regarded. Helena Brachtendorf claims to be solely interested in said leasehold, and Anton J. Brachtendorf claims no interest and manifestly has none therein. Nevertheless the plaintiffs in error have joined in an assignment of errors. If the assignment is not good as to Anton J. Brachtendorf, neither is it as to Helena Brachtendorf, the other plaintiff in error. "An assignment of errors, like a pleading, must set forth errors which are available to all who join in it. If not good as to all, it is not good as to any." 2 Ency. of Pl. & Pr. 933, and cases cited.

It is a serious question whether the order of May 19, 1897, is a final order, reviewable on error, in reference to which we express no opinion, the question not having been raised by motion to dismiss the suit or otherwise.

The order of May 19, 1897, is affirmed.