Macgregor v. Malarkey.

96    421
115   7357

## C. C. Macgregor v. Jeannette Malarkey.

1. PARTITION—*Purchasers Pendente Lite.*—Where a judgment becomes a lien during the pendency of a partition suit and the lands in litigation are sold and conveyed under the decree in such suit the purchaser takes them free from the lien of such judgment.

2. SAME—*Persons Acquiring Liens Prior to Suits in Partition.*— Persons who acquire liens on real estate prior to the commencement of a suit in partition must be made formal parties to such proceedings and be served with summons in order to affect their rights, but such is not the rule as to those who acquire rights during the pendency of the suit.

3. SAME—*Persons Acquiring Judgments Pending Suits in Partition.* —When a person obtains a judgment against a party to a proceeding for a partition of lands, pending such suit, and desires to defend the suit, he must make himself a party to it in some proper manner before it terminates.

4. SAME—*Rights of Parties Acquiring Judgments During the Pendency of Proceedings in Partition.*—Where a judgment or other lien is obtained against the undivided estate of a tenant in common, and partition is afterward made, the lien of the judgment follows the partition and attaches only to the premises set off to the party against whom the judgment is obtained.

5. SAME—*Liens of Parties Pendente Lite Attach to the Fund Arising from the Sale.*—Where a judgment is recovered against a part owner of lands during the pendency of a suit for partition of such lands and there is a subsequent sale of the lands under the decree in such suit the lien of the judgment is divested and converted into a lien upon the funds arising from the sale.

6. PRACTICE—*Rights of Persons Acquiring Liens Pendente Lite— How Asserted.*—Where a person has acquired a lien upon the interest of a party to a partition suit during the pendency of the proceedings and there is afterward a decree and sale of the lands under it, he may assert his lien upon the proceeds of the sale before the same is distributed by the master.

7. PARTITION SALES—*What Title the Purchaser Takes.*—The purchaser at a partition sale takes a conclusive title as against all the parties to the suit, and their grantees, and holders of liens who have acquired their interests during the pendency of the proceedings, and such title is discharged of all incumbrances. The liens attach to the proceeds of the sale instead of to the land sold.

8. APPELLATE COURT PRACTICE—*Reasons for a Reversal Not Stated in the Opening Briefs, Waived.*—Reasons for the reversal of a judgment, not stated in the opening brief of appellant, must be treated as waived.

**Bill for an Injunction.**—Appeal from the Circuit Court of Ogle County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

CHESTER FIREBAUGH, attorney for appellant.

J. C. SEYSTER and W. P. FEARER, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This case was before us in 89 Ill. App. 435, and the decree for complainant, Jeannette Malarkey, was reversed for defects in the bill of complaint, and remanded. After the cause was redocketed in the court below, complainant, by leave of court, filed an amended and supplemental bill of complaint, remedying the defects pointed out by this court. To this bill the defendants, Mrs. C. C. Macgregor and the sheriff of the county, demurred. The demurrer was overruled. Defendants elected to stand by the demurrer, and a decree was entered pursuant to the prayer of the bill, from which decree Mrs. Macgregor prosecutes this appeal.

The material facts alleged and confessed are as follows: On April 23, 1898, John W. Edmunds died intestate, owning certain real estate in Ogle county, subject to a mortgage incumbrance, and owing other debts, which were afterward established in the County Court against his estate. He left several heirs at law, and among them his daughter, Maria Smith, wife of Charles Smith. On June 27, 1898, one of said heirs filed in the Circuit Court of Ogle County a bill for the partition of said real estate. To this bill all the other heirs, including Maria Smith and the mort-

gagee and the administrator, were made defendants.    All defendants who were resident, and Maria Smith, were duly and personally served with summons on or before September 22, 1898, and all other defendants were duly served with notice by publication to the October term, 1898, of said court.    At the April term, 1899, there was a decree fixing the interest of the several heirs, and decreeing to Maria Smith an undivided one-seventh of said lands, subject to the mortgage and other debts, and appointing commissioners to make partition.    They reported that partition could not be made, and a decree was entered at that term for the sale of the lands by the master, free of said incumbrance and debts, and for the payment of said incumbrance and debts from the proceeds.    Pursuant to said decree, the master sold said lands on June 8, 1899, to Jeannette Malarkey.    That sale was approved by the court on October 3, 1899.    Mrs. Malarkey paid and secured the purchase price, and, October 9, 1899, the master conveyed the premises to her.

On February 7, 1898, H. Marian Ryan obtained a judgment in the Superior Court of Cook County, Illinois, for $235 and costs, against " C. A. Smith and Mrs. M. E. Smith, his wife." On November 18, 1898, a transcript of said judgment was filed in the office of the circuit clerk of Ogle county, together with an assignment of said judgment by the plaintiff therein to C. C. Macgregor.    An execution on said judgment was on that date issued by the said circuit clerk to the sheriff of Ogle county.    On November 4, 1899, this execution was returned *nulla bona*, and an alias execution was issued on that day to said sheriff, and the same was by him levied on the interest of Mrs. M. E. Smith in the lands in question, and the sheriff advertised said interest in said lands to be sold on December 16, 1899.    Thereupon, on December 15, 1899, Mrs. Malarkey, the purchaser of said lands at said master's sale, holding, as the amended bill shows, a deed from the master, filed the original bill in this case, praying to enjoin said sale; to make said injunction perpetual, and for a decree that said lands were not sub-

ject to the lien of said judgment. The bill practically concedes that Maria Smith and Mrs. M. E. Smith are the same person.

The record presents three questions: 1. Is a judgment against Mrs. M. E. Smith, wife of C. A. Smith, a judgment against and lien upon the lands of Mrs. Maria Smith, daughter of John W. Edmunds and wife of Charles Smith (that is, by common usage, Mrs. Maria Edmunds Smith), if the latter is, in fact, the judgment defendant? 2. If a lien, is such judgment against Mrs. M. E. Smith notice of the lien to a purchaser of the title of Mrs. Maria Smith? 3. Where such judgment becomes a lien during the pendency of a partition suit instituted for the division or sale of the lands, and they are sold and conveyed under a decree in such suit, does the purchaser take free from or subject to the lien of such judgment against a defendant? We conclude the decision of the third of these questions will dispose of the case.

Jurisdiction of Maria Smith as a defendant in said partition suit was acquired on or before September 22, 1898, and jurisdiction of all the defendants was obtained on or before the first day of the October term, 1898, of said Circuit Court. The transcript of the judgment was filed in Ogle county, and became a lien on the real estate of the judgment defendants in Ogle county on November 18, 1898. If said judgment became a lien upon the interest of Maria Smith in said lands, that lien began on November 18, 1898, during the pendency of the partition suit. Persons who acquire liens on real estate before a suit for the partition thereof is begun, must be made formal parties on the record and served with summons in order to affect their rights. Such is not the rule as to those who acquire rights during the pendency of such suit.

The rights of one who purchases real estate, or acquires a mortgage thereon, pending a suit relating to such real estate, have often been decided in this State. In Loomis v. Riley, 24 Ill. 307, referring to a proceeding in equity for the partition of lands in dispute, under which they were afterward partitioned, and on an undivided one-fourth of

which one Sayre had taken a mortgage *pendente lite*, the court said :

"Having purchased of one of the parties to the record while suit was pending, he acquired his interest in the property subject to such decree as might be rendered on the hearing. This is true whether he became a party to the record or not, as he became a party to the suit when he purchased *pendente lite.* * * * When the interest of the tenant in common has been ascertained, and limited by partition to a specific portion of the premises, mortgagees of his interest must be limited to the specific portion thus allotted to the mortgagor. Otherwise any tenant in common would have the power of defeating an effectual partition, by executing a mortgage at any time before the execution of the decree making partition."

In Jackson v. Warren, 32 Ill. 331, the court said a party purchasing the subject of litigation *pendente lite* is affected by the decree, and is, as to the subject, a party to the decree. In Dickinson v. Todd, 43 Ill. 504, the court said: "Judgments and decrees bind equally parties and privies, and a purchase *pendente lite* stands in the latter category." In Speck v. Pullman P. C. Co., 121 Ill. 33, the court said a trust deed taken from part owners pending a partition suit was binding only upon the interest of the mortgagors, "and after the decree of sale it followed their interest in the proceeds, and affected it only." So in Norris v. Ile, 152 Ill. 190, it was said :

"A purchaser *pendente lite* from a mortgagor is, to all intents and purposes, a party to the decree of foreclosure. * * * He who purchases property during the pendency of the suit is as conclusively bound by the result of the litigation as if he had been a party thereto at the outset."

In Sears v. Hyer, 1 Paige Ch. 483, it was held that if a mortgage was given on an undivided share in lands pending a suit for partition thereof, the lien of the mortgagee will be divested by a sale of the premises under a decree in said suit, and the purchaser at such sale will take the estate discharged of the incumbrance. Freeman on Judgments, section 193, says:

"No alienation or transfer of the subject-matter of the

controversy, made while the suit is being prosecuted with due diligence, need be noticed by the parties to the action. Such alienation, though valid between the parties thereto, is void as against the judgment or decree finally rendered in the suit."

In 2 Black on Judgments, section 550, it is said if a purchaser *pendente lite* desires to defend the suit he must make himself a party to it in some proper manner before it terminates; and that the purpose of the rule is to keep the subject-matter of the litigation within the power of the court until judgment or decree is entered, since otherwise, by successive alienations pending the suit, the judgment or decree could be rendered abortive and impossible of execution. (13 Am. & Eng. Ency. of Law, 897.) The doctrine has sometimes been supported by the theory of constructive notice, but is generally placed upon grounds of public policy.

The same principle applies to judgments and execution liens upon lands, acquired while a suit concerning them is pending. Manly v. Pettee, 38 Ill. 128, concedes that where a judgment or other lien is obtained against the undivided estate of a tenant in common, and partition is afterward made, the lien follows the partition and attaches only to the premises set off to the debtor. In Smith v. Crawford, 81 Ill. 296, speaking of the levy of an attachment on the interest of one of two tenants in common of lands, and a sale and sheriff's deed thereof, while, as was claimed, suit was pending in chancery for the partition thereof between said tenants in common, the court said :

" If the levy was made while the suit was pending, there is no question but it was sufficient, and appellant by his purchase, though not a party to the record, became a party to the suit."

So, in Ellsworth v. Cook, 8 Paige Ch. 643, it was held that where a judgment was recovered against a part owner of lands during the pendency of a suit for a partition of the lands, a subsequent sale of the lands under a decree in the partition suit divested the lien of the judgment on the lands, and converted it into a lien on the fund produced by the sale. In 1 Black on Judgments, section 430, it is said

that a judgment against a tenant in common is a lien upon the interest of the debtor in the land, and if, upon partition, this interest is converted into money, the priority of the judgment lien is preserved against the fund. The rule governing this question is thus stated in 17 Am. & Eng. Ency. of Law, 803 :

" The purchaser at a partition sale takes a conclusive title as against all the parties to the suit, and as against their grantors (grantees) and holders of liens who have acquired their interests during the pendency of the action, the purchaser taking the premises discharged of all such incumbrances, and the liens attaching to the proceeds of the sale instead of the land sold."

Applying these principles to the case at bar, it follows that when Mrs. Macgregor filed the transcript of the judgment and the assignment thereof in Ogle county, if she thereby acquired a lien upon the lands of Maria Smith she became in legal effect a party to the suit then pending for the partition thereof, and could have obtained leave to appear as a defendant and set up and protect her lien if she had desired. By the sale and deed Mrs. Malarkey, the purchaser, took the lands discharged of the judgment lien, and the lands were divested of the lien, and the lien thereafter rested upon the proceeds. It follows that Mrs. Malarkey was entitled to have Mrs. Macgregor and the sheriff enjoined from selling said lands. Appellant insists that under the allegations of the bill it is to be assumed the proceeds have not yet been distributed. If so, appellant can yet assert her lien upon them. If, however, they have been distributed, and passed beyond the control of the court in the partition suit, Mrs. Macgregor has only herself to blame for any loss she may suffer by her delay in bringing her lien to the attention of the court in that cause. What was said in our former opinion as to the power of the court to protect Mrs. Malarkey was on the supposition that the sale had not yet been reported to the court and approved, and that no deed had yet been made to her. By the amended bill it is now shown that before this suit was begun the sale had been reported and approved, and the purchase

money paid and secured, and deed made to Mrs. Malarkey, thus completing her purchase and title, and conveying to her the title free from the judgment lien acquired *pendente lite.*

In her reply brief appellant suggests that the bill of complaint does not show that complainant is in possession of the premises nor that they are unoccupied, and that because of the absence of such averment the demurrer should have been sustained. This point was not made in appellant's opening brief. Two reasons occur to us why this position is probably not well taken. But we do not feel bound to search the record or the authorities upon the subject. Appellee has been given no opportunity to argue the question, and we are deprived of the aid her counsel might have rendered us. Reasons for reversal not presented in the opening brief must be treated as waived. Indiana M. M. Fire Ins. Co. v. The People, 170 Ill. 474; West Chicago Park Comrs. v. City of Chicago, 170 Ill. 618. We have examined the other reasons argued in support of this appeal, and consider them not well founded. The decree is therefore affirmed.