CHRISTOPHER MUELLER

*v.*

FREDERICK HENNING

*Filed at Ottawa May 12, 1882.*

RES JUDICATA—*as to finding in decree.* Where a decree on a bill to correct a mistake in the description of land in a deed finds that the place at which the survey was commenced was not the correct one, but the survey should have commenced at another point, in an action of ejectment between the parties the question of boundary is *res judicata*, and the decree conclusive upon them as to its correctness.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. J. V. LE MOYNE, for the appellant.

Mr. FRANCIS LACKNER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal is from a judgment in ejectment, in favor of Henning, and against Mueller.

The facts deemed material to a solution of the question in controversy are: On the 15th of November, 1878, Henning sold and attempted to convey to Mueller a certain ten-acre tract of land. The tract was surveyed at or near the day of sale, and soon thereafter Mueller took possession in accordance with the boundaries defined by the survey. Subsequently, Mueller discovered that there were errors in Henning's deed of the 15th of November, 1878, in respect of the description of the tract and in respect of his (Mueller's) name, and on the 11th of November, 1880, he filed, in the Superior Court of Cook county, his bill in chancery against Henning to correct such mistakes. Henning answered, admit-

ting such mistakes, but alleging that they were committed without his fault, and also that, by like mistake, Mueller had taken possession of a strip of ground (presumably that in controversy) which it was not intended to convey to him. On the 27th of April, 1881, the court decreed in accordance with the prayer of the bill, and on the 31st of May, 1881, Henning, by a deed of that date, conveyed to Mueller, as directed by the decree.

This suit is for a small strip of ground included by the survey made at or near the day of sale, but, as we understand the evidence, excluded from the description in the decree and deed pursuant thereto. The survey was made by Wolcott, and he shows that he commenced in the center of a certain road. The decree determines that the survey, instead, should have commenced "on the center line of Victoria Pothier's reservation," etc.

Although admitting of controversy, we are unable to say the court below was clearly unauthorized to hold, from the evidence, that this difference in the point of commencement describes the strip for which judgment was rendered. Wolcott testifies "that the center line of the road and the center line of Pothier's reservation are the same," or nearly so; but Rossiter testifies "there is a bend in the road, as thrown up, which makes the difference;" and he shows that in running the lines, the fence erected by Mueller is on Henning's land, and he gives, specifically, the distances. In these respects he is contradicted by no one.

The question of disputed boundary does not arise. Henning was not, in the first instance, asserting the line to be in one place, and Mueller asserting it to be in another. All that the evidence shows is, that when Wolcott made the survey, Henning told him to commence in the center of the road. But the decree settles that was not the correct place to commence, but that the survey must commence on the center line of Victoria Pothier's reservation, etc. Whether

that finding was authorized by the evidence, it is now too late to inquire. The question is *res judicata.*

Perceiving no sufficient ground to disturb the judgment below, it is affirmed.

*Judgment affirmed.*