## THE KEOKUK AND HAMILTON BRIDGE COMPANY

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed April 17, 1900.*

1. APPEALS AND ERRORS—*an appeal cannot be prosecuted as of right.* An appeal cannot be prosecuted as of right, but only when authorized by statute.

2. SAME—*right to appeal from decision of board of review is limited to exemption claims.* Paragraph 4 of section 35 of the Revenue act of 1898, (Laws of 1898, p. 48,) which authorizes an appeal from a decision of the board of review that property claimed to be exempt from taxation is not so exempt, denies by implication the right to appeal from decisions of the board upon other questions.

3. TAXES—*valuation of property for taxation is not subject to judicial supervision except for fraud.* The matter of the valuation of property for taxation is not subject to judicial supervision, further than that a court of equity has jurisdiction to grant relief against a fraudulent over-valuation.

4. Appellant's contention that part of its bridge across the Mississippi river assessed for taxation in Illinois is in the State of Iowa, and hence is exempt from taxation in Illinois, was determined adversely in *Keokuk and Hamilton Bridge Co. v. People,* 167 Ill. 15, and, the parties and the issues involved being the same as in that case, the question is *res judicata.*

APPEAL from Board of Review of Hancock county.

The appellant company, on the 9th day of June, 1899, filed its complaint with the supervisor of assessments of Hancock county, Illinois, in which it alleged, in substance, certain property owned by it, consisting of that portion of the Keokuk and Hamilton bridge over the Mississippi river which is situated in Illinois, of the length, as it asserted, of 707 feet, and a road or dyke leading to said bridge, had been fraudulently over-valued for assessment for the year 1899 by the assessor of the town of Montebello, in Hancock county, Illinois, and that a portion of the bridge of the length of 605 feet, located, as it insisted, in the State of Iowa and therefore exempt from taxation in Illinois, had been assessed for taxation

in the town of Montebello, Hancock county, Illinois, and prayed to be relieved against such alleged over-valuation and from the assessment of said portion of the bridge alleged to be in the State of Iowa. The supervisor of assessments did not grant the relief asked, and the appellant company prosecuted an appeal to the board of review of Hancock county. The appellant, on the hearing of the appeal, presented to the board of review the same grievances and complaints which had been presented to the supervisor of assessments. The board of review overruled the grievances and complaints and sustained the assessment as made by the assessors of the town of Montebello. The appellant prosecuted an appeal from the decision of the board of review, and the cause was presented to this court by the Auditor of Public Accounts.

G. EDMUNDS, for appellant.

S. P. LEMMON, State's Attorney, BERRY BROS. & MC-CRORY, and FRANK HALBOWER, for the People.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Section 1 of article 9 of the constitution of 1870 provides: "The General Assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property—such value to be ascertained by some person or persons, to be elected or appointed in such manner as the General Assembly shall direct, and not otherwise." We have construed this constitutional provision to invest the persons or body elected or appointed by the General Assembly to ascertain the valuation of property for purposes of taxation with sole power to determine such valuation, and have uniformly ruled that the decision of such persons or body as to the value to be fixed on property liable to assessment is not, in the absence of fraud, subject to

the supervision of the judicial department of the State. (*Spencer* v. *People*, 68 Ill. 510; *Republic Life Ins. Co.* v. *Pollak*, 75 id. 292; *People ex rel.* v. *Lots in Ashley*, 122 id. 297; *Ottawa Glass Co.* v. *McCaleb*, 81 id. 556.) In *Beidler* v. *Kochersperger*, 171 Ill. 563, we said (p. 567): "It-is the policy of our law the whole matter of the valuation of property for taxation shall be committed to the control of the assessor, the board of review and the board of supervisors of the respective counties." The jurisdiction to grant relief against the fraudulent over-valuation of property for taxation, and to relieve against the assessment of property which is not subject to taxation, is possessed by courts of equity and has frequently been exercised by such courts. *Chicago, Burlington and Quincy Railroad Co.* v. *Cole*, 75 Ill. 591; *New York Stock Exchange* v. *Gleason*, 121 id. 502; *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 id. 561.

The board of review, whose action is here sought to be reviewed, was created by the act of the General Assembly entitled "An act for the assessment of property," etc., approved February 25, 1898, in force July 1, 1898. The powers and duties of the board are prescribed by section 35 of the act. (Hurd's Stat. 1899, p. 1452.) The section is divided into four paragraphs, each of the several paragraphs being devoted to distinct duties and powers of the board. The powers and duties set forth in the different paragraphs are, in substance, as follows: First, to assess taxable property which has been omitted by the assessors; second, to review and correct assessments of property on complaint of the owner thereof that such property has been assessed too high; third, to increase or reduce the entire assessment of real or personal property, or. both, or of any class therein, and to equalize the assessment of the taxable property in the county, etc.; fourth, to hear and determine complaints that property which is exempt from taxation has been assessed. The only provision to be found in the statute authorizing an

appeal to be taken by a property owner from the decision of the board of review as to any of the matters which it is given authority to consider and decide, is incorporated in the said fourth paragraph of said section 35, and reads as follows: "If the board of review shall decide that property so claimed to be exempt is liable to be taxed, and the party aggrieved at the time shall pray an appeal, a brief statement of the case shall be made by the clerk, under the direction of the board and transmitted to the Auditor, who shall present the case to the Supreme Court in like manner as hereinbefore provided. In either case the collection of the tax shall not be delayed thereby, but in case the property is decided to be exempt the tax shall be abated and refunded."

The right thus given to appeal does not extend to any and all decisions which the board is empowered to make, but only to the decisions of the board that property claimed by the owner to be exempt from taxation is not so exempt but is liable to assessment for taxation. An appeal cannot be prosecuted as of right, but only when authorized or granted by the statute. The provision quoted above, which provides for an appeal to test the correctness of the decision of the board on one, only, of the contentions committed to it to decide, is a denial, by implication, of the right to appeal from any other of the decisions of the board. (2 Ency. of Pl. & Pr. 15.) We do not wish to be understood to hold that the law affords no remedy whereby the decision of a board of review that property has not been fraudulently assessed too high can not be reviewed, but only that the remedy is not by appeal to this court.

The appeal, then, only serves to bring before us the question whether any portion of appellant's bridge which is not in the State of Illinois has been assessed. Fifteen hundred and sixty-seven feet of the bridge was assessed as being in the State of Illinois. In the case of *Keokuk and Hamilton Bridge Co.* v. *People ex rel.* 167 Ill. 15, being

the same parties who are parties to the present record, this precise question was presented and determined. That assessment of the bridge there involved was for the year 1894. In that case, as in this, the assessor assessed 1567 feet of the bridge as being in the State of Illinois, and in that case, as in this, the issue was whether any part of the said 1567 feet of the bridge was in the State of Iowa. The contention was adjudicated adversely to this appellant, and is *res judicata. Mueller* v. *Henning,* 102 Ill. 646; *Jenkins* v. *International Bank,* 111 id. 462; *Johnson* v. *Gibson,* 116 id. 294; *Gould* v. *Sternberg,* 128 id. 510.

The decision of the board of review is affirmed.

*Decision affirmed.*