## *In re* APPEAL OF WILLIAM WILMERTON.

Opinion filed December 16, 1903.

206    15
213    ²616

1. TAXES—*what may be considered in reviewing decision of board of review.* The only question which may be considered when reviewing the action of the board of review is whether the board has assessed property which is exempt from taxation.

2. SAME—*what cannot be considered on appeal from decision of board of review.* The action of the board of review in assessing credits as property omitted in previous years cannot be considered on appeal, even though the tax-payer may have been assessed for credits, to some extent, in such years, since the question is one of double assessment, rather than of assessing exempt property.

3. SAME—*when assessment of building and loan stock is without authority.* Stock in a building and loan association cannot be assessed to the holder as omitted property for the years during which, under the statute, it was exempt from taxation, even though the statute was void.

4. SAME—*amendment of 1895 to Revenue act is not retroactive.* The amendment of 1895 to the Revenue act, which requires holders of stock in building and loan associations to list the same with the assessor, is not retroactive, so as to justify the board of review in assessing such stock to the holder as property omitted for the years during which it was exempt under the acts of 1887 and 1891, even though such stock should have been, but was not, assessed to the association for such years.

CREDITOR'S certificate of appeal from decision of the board of review of Mercer county.

Appellant is, and has been for many years, a resident and tax-payer of Preemption township, Mercer county. In 1902 he was cited before the board of review of that county and inquired of concerning his personal property subject to assessment. After a hearing covering parts of several days, and at which many witnesses were heard, the board found and decided that certain assessments should be, and were accordingly, made against appellant for personal property omitted from assessment for the years 1890 to 1901, inclusive, and entered their order specifically designating the property so alleged to be omitted. It is not necessary that we set out the order

*in extenso,* but the properties so assessed, and the years, are as follows:

Homestead Building and Loan stock for the year 1890, $17,000; for the year 1891, $34,000; for the year 1892, $50,000; for the year 1893, $34,000; for the year 1894, $17,000. On personal promissory notes and promissory notes secured by mortgage, for the year 1890, $57,743; for the year 1891, $52,203; for the year 1892, $48,124; for the year 1893, $8722; for the year 1894, $32,726; for the year 1895, $42,303; for the year 1896, $60,634; for the year 1897, $70,606; for the year 1898, $65,079; for the year 1899, $82,440; for the year 1900, $13,405; for the year 1901, $18,-748. On cash in bank for the year 1900, $7666.

After setting forth the above properties in clear and apt language the board of review made the following order relative thereto: "Which assessments for omitted personal property for the years as above set forth were accordingly made by the board of review, and the same ordered to be placed on the assessor's book for the township of Preemption for the year A. D. 1902, against the said William Wilmerton. In each case the total valuation is given in the foregoing amounts." The assessment as made by the supervisor of assessments for the year 1902 was not changed by the board. An appeal was prayed and the matter duly certified to the Auditor, and through him to this court.

McCaskrin & McCaskrin, and Connell & Thomason, for appellant.

H. J. Hamlin, Attorney General, and W. J. Graham, State's Attorney, (McArthur & Cook, of counsel,) for the board of review.

Mr. Justice Ricks delivered the opinion of the court:

By the appeal before us many questions are presented which we are not permitted to consider. The right of appeal is purely a statutory one, and in this case is limited

to the single question whether the board has decided that property exempt from taxation is liable to be taxed. (Hurd's Stat. 1899, chap. 120, sec. 35, p. 1452; *Keokuk Bridge Co.* v. *People*, 185 Ill. 276; *Dutton* v. *Board of Review*, 188 id. 386.) So far as relates to the personal promissory notes and notes secured by mortgage, which matters are classed by statute as "credits," and as to the cash in bank, there is nothing for us to consider. These properties are such as may properly be assessed against appellant, and the only question made is as to that portion that may be classed "credits."

As to such portion, it is said by appellant that if it be conceded that the board had the right and power to assess omissions in years prior to 1902, still the character of property assessed is not such as can be reviewed; that the property assessed as being omitted is confined to notes, mortgages, bank account and building and loan stock; that no personal property, such as cattle, horses, hogs and other effects, was included, but if the assessor of Preemption township attempted to go back and assess for former years, he could not go back and pass upon the acts of his predecessor on notes, loan stock, etc.; that the board of review is not vested with greater power than that possessed by the assessor prior to the creation of said board. In support of this contention appellant cites the case of *Allwood* v. *Cowen*, 111 Ill. 481. It may first be remarked, that the stock of building and loan associations and cash in bank are not among the properties authorized to be listed as "credits," and that as to such properties as are authorized to be listed as "credits" this court expressly held in *Sellars* v. *Barrett*, 185 Ill. 466, that where such property was omitted it could be added and assessed as omitted property at any subsequent time or year, the only distinction being, that if, during any or each of the years for which the omitted credits were assessed, it should be made to appear that the objector had in fact been assessed for credits during any one or

205—2

all of such years, then the assessor who made the assessment for credits having exercised a semi-judicial authority or having exercised a discretion in making such assessment on credits, his acts in subsequent years are not reviewable by other assessors or the board of review. If the position contended for is conceded to be sound it would still not be a matter we could consider on appeal. It would come under the head of double assessment, and not upon the question of exemption from taxation.

Touching the matter of the building and loan association stock assessed for the years 1890 to 1894, inclusive, we are disposed to the view that if it shall appear to be the law that during such period the property in question could not, under the law or under any conditions, have been assessed to appellant, then it is such property as would come within the definition of exempt property, within the rule laid down in *Dutton* v. *Board of Review*, *supra*. By the act relating to building, loan and homestead associations, as amended in 1887 and 1891, (Laws of 1891, p. 88,) by section 11 the stock of such associations was declared to be not subject to taxation, and such remained both the law and practice, with reference to such stock, until the decision in the case of *People's Loan and Homestead Ass.* v. *Keith*, 153 Ill. 609, wherein it was held that such attempted exemption was in violation of the requirement of the constitution, and void, and that such property should be listed by the corporation and taxed to it. In that case the stock was assessed to the association and it sought to enjoin the collection of the tax, and relied upon the exemption as declared in the acts of 1887 and 1891, above mentioned. After holding that the property could not be exempted by the act of the legislature, it was said (p. 621): "In view of these facts, the legislature, under the power conferred by the constitution to regulate the manner of ascertaining the fair valuation of property subject to taxation and the mode to be adopted in the assessment, has provided, by

general law, that the whole assessment shall be made against the corporation. In doing this the legislature did not intend to exempt any property from taxation, and no property was exempted from taxation. The legislature, in order to avoid confusion and complication in the assessment, determined, as it had the right to do, that the whole tax should be collected from the corporation itself. In adopting this mode of assessment no property was exempted from taxation, but the whole burden was cast on the corporation, leaving it to adjust the matter between itself and its stockholders, as it might think best."

The above opinion was filed at the October term, 1894. In April, 1895, following the decision in the above case, the Revenue law was amended by adding certain sections, designated by the act as 29*a*, 29*b*, 29*c* and 29*d*. (Laws of 1895, p. 301; Hurd's Stat. 1899, p. 1398.) By section 29*a* the stockholders of such association are required to list for taxation with the local assessor where such stockholders reside, the number of shares of stock of such association owned by them, respectively, and the value thereof. Section 29*b* relates to non-resident stockholders, 29*c* as to the determination of the value of the stock, and 29*d* provides: "The shares of stock and property of every such mutual building, loan and homestead association shall be assessed as herein provided and not otherwise." This is the first legislative declaration authorizing or requiring stock in such associations to be listed and taxed to the stockholder. All the stock listed by the board of review against the appellant as omitted property is for years prior to the year 1895. Although under the authority of the *Keith case, supra,* the stock prior to 1895 could and ought to have been assessed to the association, we cannot say that it could or ought to have been assessed to the appellant. The amendment of 1895 to the Revenue act does not purport to be, and we think cannot be held to be, retroactive in its operation,

and authorize or require property that theretofore was assessable to the corporation, even though omitted, to be, after its passage, assessed against the individual stockholder as omitted property.

Such being our view, the action of the board of review, except in so far as it relates to the building association stock, is approved and sustained, but in so far as such building association stock is sought to be assessed as omitted property against appellant it is disapproved and not sustained.

*Action of board sustained in part.*