HENRY HERSCHBACH

*v.*

WILLIAM L. COHEN.

*Opinion filed February 17, 1904.*

1. RES JUDICATA—*when judgment in trespass quare clausum fregit is a bar to ejectment.* A judgment in an action of trespass *quare clausum fregit* is *res judicata* in a subsequent ejectment suit between the same parties involving the same land, where a plea of *liberum tenementum* was filed in the trespass suit, and it is shown that the main question tried in such suit was the ownership of the land or the location of the true boundary thereof as between the parties.

2. SAME—*fact that party is entitled to a second trial in ejectment does not prevent trespass judgment from being res judicata.* The fact that a party may, under the statute, pay the costs and have a new trial in ejectment does not prevent a judgment in trespass *quare clausum fregit*, wherein the title to the same land was the main issue involved between the same parties, from being pleaded as *res judicata.*

3. PLEADING—*what a sufficient averment of ownership by plaintiff in trespass quare clausum fregit.* An allegation in a declaration in a general action of trespass *quare clausum fregit* that defendant destroyed timber of the plaintiff growing "upon certain lands of the plaintiff," is a sufficient averment of ownership to put the ownership in issue under a plea of *liberum tenementum.*

APPEAL from the Circuit Court of Randolph county; the Hon. R. D. W. HOLDER, Judge, presiding.

This is an action of ejectment, begun on August 24, 1903, in the circuit court of Randolph county by the appellant against the appellee. The trial, which was before the court without a jury, resulted in a judgment entered on September 24, 1903, in favor of the defendant below, appellee here, and against plaintiff below, appellant here, for costs of suit. The present appeal is prosecuted from the judgment so entered.

The property, which appellant claims in fee, is described as follows, to-wit: Surveys 222 and 223, claims 1287 and 1288, in the common fields of Kaskaskia, in township 7 south, ranges 7 and 8 west, in the county of Randolph.

Plaintiff below introduced in evidence a deed, dated October 14, 1893, executed to him by a special master in chancery of Randolph county, which deed was issued in pursuance of a decree, entered at the September term, 1893, of the circuit court of that county in a partition suit, and which deed recites that the premises therein described, to-wit, surveys 222 and 223, above set forth, were sold to Henry Herschbach for the sum of $2755.00. Plaintiff below also introduced a certain plat of said surveys, drawn by the county surveyor, showing total length of the south line of survey 222 to be 186 chains, and showing both surveys to contain 164.80 acres, which survey was made July 3, 1902; also copy of the government field notes of Randolph county, showing copy of plats and original government field notes of said surveys, showing metes and bounds description, and showing the Mississippi river as the western boundary of the surveys; and also a copy of the government field notes of said county, showing said surveys, the common fields of Kaskaskia, and the accretions, known as Burch's Island, and showing the south line of survey 222 to be 186 chains, etc. Upon the trial below the plaintiff introduced two witnesses, who were examined orally.

The defendant below, appellee here, introduced in evidence the declaration, pleas, instructions, verdict, judgment, and other proceedings in a certain trespass suit, brought to the September term, 1902, of said court by the present appellant, Herschbach, against the present appellee, Cohen. In the trespass suit the declaration charged that the defendant, Cohen, cut and destroyed the timber of the plaintiff of the value of $500.00, "then growing and being in and upon certain lands of the plaintiff there situate, being part of surveys 222 and 223, * * * and took and carried away the said * * * timber and converted and disposed of the same to his own use," etc. To the declaration in the trespass suit two pleas were filed, one, a plea of not guilty, and the other,

a plea of *liberum tenementum.* In the latter plea it was set up, "that the close in the said declaration mentioned, and in which, etc., now is and at the time when, etc., was the close, soil and freehold of the defendant." The instructions in the trespass suit instructed the jury as to the boundary line between adjoining owners on the island and mainland, and as to the location of the slough, claimed to be the boundary line between the two tracts, and as to its change of position by reason of the change in the bed or current of the river. The trial in the tres-pass suit was before a jury, and the jury therein returned a verdict on September 15, 1902, finding the defendant therein, the present appellee, not guilty. Motion for a new trial in the trespass suit was overruled, and judgment was rendered in favor of defendant on the verdict and against the plaintiff therein, the present appellant, for costs of suit.

Upon the trial below of the present ejectment suit, the following stipulation was made between the parties: "It is admitted that the land, sued for in this case, is the same land that was involved in an action in trespass commenced by Mr. Herschbach, the plaintiff, against Cohen, the defendant, which was finally disposed of at the September term, 1902, of this court; it is agreed that, when all the evidence is in on this question of former adjudication, if the court holds that the plea of former adjudication is not a defense in this suit, then judgment shall pass for the plaintiff, with right to a new trial according to the statute, or appeal if desired." It is not denied on the part of the appellee that the appellant herein is the owner of the said surveys numbered 222 and 223; and it is not denied, on the part of the appellant, that the appellee is the owner of said island, lying west of the western boundary of said surveys.

It was proven that, upon the trial of the trespass suit, "both plaintiff and defendant introduced evidence to locate the boundaries of the two claims and surveys, num-

bered 222 and 223, and to locate the slough, as it was at the time the government surveyed these surveys, and to locate it, as it was at the time of the trial of that suit; and that the object of the evidence was to ascertain whether the timber cut was cut on the land of the plaintiff, or of the defendant, in that cause; that the plaintiff and defendant in that suit were respectively the plaintiff and defendant in this suit; that the plaintiff made preliminary proof of the fact; that the timber was cut, and that it was cut on the land between the two sloughs, shown on 'Exhibit A' introduced in this case, which is the same plat used in that case; that the defendant did not deny the cutting of the timber, but that there was some little evidence as to the value of the timber cut; that the great bulk of the evidence of numerous witnesses was as to where that slough was at the time of the government survey, and where it was at the time of the trial of the case, plaintiff contending that it never had moved, and defendant contending that it had moved to the point 'A' on exhibits 1 and 2."

The land, here in controversy, is 18.24 acres lying between two sloughs, or arms of the Mississippi river, appellant contending that his land extended as far as the westernmost slough called in the evidence the "original slough," and appellee claiming that appellant's land only extended as far as the easternmost of the two sloughs, marked "1-2," the land between the two being 18.24 acres.

R. E. SPRIGG, and A. E. CRISLER, for appellant.

H. CLAY HORNER, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The defense, made by the appellee upon the trial below, was that the judgment in the trespass suit between the same parties was *res judicata* as to the title involved in this suit. The trial court sustained the defense, so

made by appellee, and entered judgment accordingly. The question of law, presented by the record, is this: if, in an action of trespass *quare clausum fregit*, the defense pleaded is *liberum tenementum*, can the judgment therein rendered be set up as *res judicata*, when an attempt is afterwards made to establish title in another proceeding between the same parties, the close described in the second action being the same as that described in the first?

It appears from the statement of facts preceding this opinion that, in the trespass suit, the plea of *liberum tenementum* was filed. It also appears from the testimony that, upon the trial of the trespass suit—which was brought to recover damages for the cutting of timber upon the land claimed by the appellant—the defendant therein, the present appellee, did not deny the cutting of the timber, but that the object of the evidence in the trespass suit was to ascertain whether the timber cut was cut on the land of the plaintiff in that suit, the present appellant, or upon the land of the defendant in that suit, the present appellee. It appears, therefore, that the main issue tried in the trespass suit was as to the ownership of the same portion of the surveys as is here in controversy, or, perhaps, as to the location of the western boundary line of the two surveys, owned by the present appellant.

It is not necessary to say, nor do we so hold, that the judgment rendered in the trespass suit is necessarily conclusive as to what appears from the record, but it may be shown by parol, and it has been here shown by parol, what was involved in the issues made by the pleadings in the trespass suit, and what actually came in question upon the trial of that suit. This being so, we see no reason why the plea of *res judicata* was not a good defense, and why the action of the trial court in sustaining it was not correct.

We have held that the plea of *liberum tenementum* is a proper plea in an action of trespass *quare clausum fregit*,

and that it is error to instruct the jury to disregard the same when pleaded; that the plea, as one of confession and avoidance, in legal effect admits such a possession in the plaintiff as would entitle him to maintain an action against a wrongdoer, and asserts a freehold in the defendant with a right to immediate possession as against the plaintiff. (*Fort Dearborn Lodge* v. *Klein*, 115 Ill. 177.) In *Dean* v. *Comstock*, 32 Ill. 173, this court, speaking through Mr. Justice BREESE, said (p. 179): "Trespass being a possessory action, it is not at all necessary that the right should come in question. But if it does come in question, as it did in this case, by the plea of *liberum tenementum*, and the defendant has shown, as he did show, that he owned the premises in fee, he cannot, on any principle of law with which we are acquainted, be rendered responsible to a person having neither a right to the property nor to the possession."

We have held that, where in an action of trespass *quare clausum fregit* the defense pleaded is *liberum tenementum*, the judgment rendered upon the issue thereby made will not be regarded as conclusive, yet it may be shown by parol evidence, or otherwise, that the question of title was actually tried and passed upon in the action of trespass; and that such a judgment is necessarily conclusive as to what appears from the record, or is shown by parol to have been involved in the issues, made by the pleadings in the suit, and to have actually come in question on the trial. (*Elson* v. *Comstock*, 150 Ill. 303; *Rhoads* v. *City of Metropolis*, 144 id. 580.)

If, in an action of trespass *quare clausum fregit* to recover damages for the cutting of timber upon the plaintiff's land, the plea is the general issue, or not guilty, and the defendant denies that he cut the timber, then the issue is one of fact, presented to the jury, as to whether or not the defendant did cut the timber, and as to how much the defendant should pay as damages for the timber so cut. In the case of such an issue in the action of

trespass, the judgment of course decides nothing as to
title. If, however, the defendant in the action of tres-
pass, so brought, admits that he cut the timber, but claims
that he had the right to do so because the land was his
own land, then an issue is made as to the ownership of
the land. The ownership of the land must be determined,
in order to decide whether the defendant had the right
to cut the timber or not. In the case of such an issue
being made the question of ownership or title is directly
involved, and where the testimony shows that it was so
involved, we see no reason why the judgment rendered
cannot be pleaded as *res judicata* in any subsequent pro-
ceeding between the same parties, involving the title to
the same land. In *Hawley* v. *Simons*, 102 Ill. 115, we said
(p. 118): "A judgment at law, whether in an ejectment
suit or in some other form of action, is conclusive on the
parties upon all questions, titles and rights involved in
the litigation and passed upon by the court, which the
court had power and jurisdiction to hear and determine,
and nothing more; and whenever the same questions or
the same rights or titles are again drawn in issue, whether
in a court of equity or court of law, between the same
parties or their privies, the previous adjudication must
be regarded as conclusive upon them." In the case at
bar, the parties in the trespass suit were exactly the
same parties as the parties in this ejectment suit, and
the issue, as has already been shown, in the trespass suit
was the same as the issue here, to-wit, the ownership of
the 18.24 acres of ground between the two sloughs, men-
tioned in the statement preceding this opinion. The ap-
pellant, plaintiff below, "admitted that the land sued for
in this case is the same land that was involved in an
action of trespass commenced by Mr. Herschbach, the
plaintiff, against Mr. Cohen, the defendant." This dis-
poses of the contention, made by the appellant, that a
judgment in trespass *quare clausum fregit*, where the issue
relates only to a particular spot of the premises described

in the declaration without evidence as to the exact local-
ity of the trespass, cannot conclude either party as to the
question of title. (2 Waterman on Trespass, sec. 1119.)
In the case at bar, the evidence does show the exact
locality of the trespass, not only by virtue of the admis-
sion above set forth, but by reason of the oral testimony,
which shows that the timber was cut on the land between
the two sloughs, that is to say, the 18.24 acres. It fol-
lows that the trespass is exactly located, as having oc-
curred upon the 18.24 acres here involved.

Even if the question, involved in the trespass suit,
was merely a question of the true boundary between the
land of the appellant and the land of the appellee, yet
the evidence shows that that question was decided in
the trespass suit in favor of the present appellee; and
the judgment in the trespass suit must be regarded as
*res judicata* as to the question of boundary. In *Mueller* v.
*Henning*, 102 Ill. 646, where a decree, on a bill to correct
a mistake in the description of land in a deed, found that
the place, at which the survey was commenced, was not
the correct one, but that the survey should have com-
menced at another point, it was held that, in an action
of ejectment between the parties, the question of bound-
ary was *res judicata*, and the decree was conclusive upon
them as to its correctness. A judgment, in an action
brought solely to determine a boundary line, although
brought in the form of an action of trespass to try title,
is *res judicata*. (24 Am. & Eng. Ency. of Law,—2d ed.—
p. 825, and cases recited in note).

"Where, in an action of trespass, the title is actually
in issue, and that is a part of that upon which the judg-
ment is based, and the plaintiff prevails, it is conclusive
as against an action of ejectment." (21 Am. & Eng. Ency.
of Law, pp. 244, 245, and cases in notes).

Freeman in his work on Judgments, (vol. 1, 4th ed.
sec. 311,) after referring to the conflict among the de-
cisions in the various States upon this subject, says:

"The title cannot in some of the States be regarded as in issue except upon a special plea of soil or freehold, or some other equivalent pleading; but when such plea is interposed, or when without any special plea the rules of practice in the State permit the title to be received in evidence and to be considered by the court or jury, and it is in fact received, considered and made the basis of a verdict and judgment, then that is as conclusively settled, as if it had been drawn in question and decided in some other action." This language applies exactly to the course of decision in this State, and to the facts in the case at bar. Here, a special plea of soil or freehold, to-wit, the plea of *liberum tenementum*, was filed in the action of trespass, and the proof shows that the title was received in evidence in the action of trespass, and considered, and made the basis of the verdict and judgment therein.

Waterman, in his work on Trespass (vol. 2, sec. 1119,) speaking of the action of trespass *quare clausum fregit*, says: "Yet the title may be litigated as a matter directly involved in the issue, and when that question is adjudicated and a judgment rendered in this form of action by a court of competent jurisdiction, the judgment will conclude the parties, and operate as an estoppel if the matter appears on the face of the record, or as evidence conclusive in relation to the title, in any subsequent litigation of the matter between them. But when the defendant in ejectment seeks to show title in himself to the premises in dispute by means of the estoppel, created by the recovery in the former action, he is bound to show affirmatively that the title to those premises was passed upon in that action. When it has been apparently necessary to pass upon that question before the judgment could have been given, the record will be *prima facie* evidence for the defendant, and will be conclusive as an estoppel against the plaintiff, unless evidence has been given on his part to contradict and overcome this presumption."

Wells, in his work on Res Adjudicata and Stare Decisis, (sec. 287), says: "Where a plaintiff brings an action of trespass *quare clausum fregit*, and the defendant under the general issue litigates the question of title, and the verdict on that issue is rendered against him, and afterward the plaintiff brings a direct action to try the title, the former judgment will be conclusive, and the defendant will not be allowed to dispute the title."

Counsel for appellant lay great stress upon the case of *Keyser* v. *Sutherland*, 59 Mich. 455, where it was held by the Supreme Court of Michigan, that a judgment in trespass cannot be a bar to a subsequent ejectment suit for the same premises, even though the parties in both suits are the same, upon the ground that a party is entitled to but one trial, as a matter of right, in Michigan in an action of trespass, while in ejectment, upon the payment of costs of the first trial, he has an absolute right to another trial; and it is said that the statute, allowing a second trial in an action of ejectment upon the payment of costs, is substantially the same in Illinois as in Michigan. What is said upon this subject in *Keyser* v. *Sutherland, supra,* is mere dictum, as it appeared that the title was not passed upon in the action of trespass. But, independently of this consideration, we are not disposed to accept the reasoning of the Michigan court upon this subject as sound. The statute of Illinois provides that at any time within one year after a judgment, either upon default or verdict, in the action of ejectment, the party, against whom it is rendered, his heirs or assigns, upon the payment of all costs recovered therein, shall be entitled to have the judgment vacated, and a new trial granted in the cause. (2 Starr & Curt. Ann. Stat. —2d ed.—p. 1621). This is so, no matter what the defense may have been upon the first trial of the cause. In the Michigan decision referred to, the court says that it will not allow the right to two trials in ejectment to be taken away by allowing one trial in trespass to be

used as a former adjudication. We see no reason why the result here deplored should necessarily follow. The fact, that, upon the first trial of the ejectment suit, the judgment in the trespass suit is pleaded as *res judicata*, does not deprive the defeated party of a second trial in the ejectment suit. There might be other defenses upon the first trial of the ejectment suit equally as good as the defense of *res judicata*, and yet, if the defeated party chooses to pay up the costs within the time specified, and take his chances upon a new trial, he has a right to do so. The character of the defense, made on the first trial, does not deprive him of his right to a new trial. Any defense, made upon the first trial, if good and valid and supported by the evidence, whether the defense of *res judicata* or something else, would lessen the probability of the defeated party's success upon a second trial if the same defense is set up in the second trial, but in no way interferes with his right to such second trial.

It is said by counsel for appellant, that the declaration in the action of trespass does not aver that the plaintiff therein was the owner of the premises. The declaration in the trespass suit avers that the defendant destroyed the timber of the plaintiff, then growing "upon certain lands of the plaintiff." This averment is the usual one, which is made in declarations in trespass *quare clausum fregit*. The cases in Illinois, referred to by counsel for appellant, which require the plaintiff in actions, brought to recover damages for cutting timber, to aver that he is the owner of the land, upon which the timber is cut, were cases arising under a special statute, imposing a penalty for cutting timber. This statute, which was entitled "An act to prevent trespassing by cutting timber," provided that any person, who cuts trees growing upon land belonging to another person without first having obtained permission so to do from the owner of such land, should forfeit and pay for each tree a certain penalty therein named; and it was held in the cases re-

ferred to by counsel, that, in an action of debt brought by the owner to recover the penalty given by the statute, he must aver in the declaration that he was the owner. (*Wright* v. *Bennett*, 3 Scam. 258; *Whiteside* v. *Divers*, 4 id. 336; *Jarrot* v. *Vaughn*, 2 Gilm. 132.) These decisions, being founded upon a special statute, have no application in the present case.

For the reasons above stated, the judgment of the circuit court is affirmed.                    *Judgment affirmed.*