### Ferdinand Schwartz, et al., v. Michael McQuaid.

#### Gen. No. 4,375.

1. FREEHOLD—*when, involved.* Where the action is trespass *quare clausum fregit* and issue is taken upon a special plea of *liberum tenementum*, a freehold is involved and the appeal should be to the Supreme Court.

Action of trespass. Appeal from the Circuit Court of DuPage County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the April term, 1904. Appeal dismissed. Opinion filed August 24, 1904.

HAIGHT & REUSS and BOTSFORD, WAYNE & BOTSFORD, for appellants.

J. F. SNYDER and L. E. DEWOLF, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court. This action, originally in case, was changed to trespass, and plaintiff, Michael McQuaid, filed an amended declaration against the defendants, Ferdinand and Joseph

Schwartz, in trespass, charging that defendants at a certain date broke and entered a dwelling house and store building of plaintiff, and forced and broke open certain doors of said building, broke certain locks, catches and hinges wherewith said doors were fastened, seized certain goods and chattels of plaintiff, to wit, cases of beer, wearing apparel and household furniture, carried away the same and disposed of them to their use, hindered plaintiff from carrying on his business, ejected plaintiff and his family from the possession and enjoyment of the premises, and kept them out of said building from thence hitherto. Defendants pleaded not guilty, and also two special pleas to the general effect that the premises in question were the close and freehold of defendant, Ferdinand Schwartz, and were at the time when, etc., in his possession; that said defendant, Joseph Schwartz, was agent of said Ferdinand; and that said Ferdinand in his own right, and said Joseph as his agent and at his command, committed said acts charged as trespass, in the said close, as they lawfully might. To these special pleas plaintiff filed replications to the effect that said close was not the close and freehold of said Ferdinand Schwartz and was not in his possession as in said pleas alleged. There was a jury trial, and a verdict and a judgment for plaintiff for $210 and costs. Defendants moved for a new trial. That motion was denied, and plaintiff had judgment on the verdict. Defendants prayed and were granted an appeal to this court.

The action was trespass *quare clausum fregit*, and the special pleas were pleas of *liberum tenementum*, and their truth was directly put in issue by the replications. It was held in Piper v. Connelly, 108 Ill. 646, that such issues involve a freehold, and that an appeal in such a case must go to the Supreme Court. This was approved in Fort Dearborn Lodge v. Klein, 115 Ill. 177, on page 195. In Sanford v. Kane, 127 Ill. 591, the court said: "A fair illustration of the rule may be found in Piper v. Connelly, 108 Ill. 646. That was an action of trespass *quare clausum fregit*, to which the defendant pleaded *liberum tenementum*. No

freehold was sought to be recovered, the only possible judgment in favor of the plaintiff being one for damages for the alleged trespass. The freehold, however, was directly put in issue by the pleadings, and the plaintiff's right to recover his damages necessarily depended upon whether the defendant had succeeded or failed in establishing his plea, that is, in establishing his title to the freehold. The title, though in no sense the subject sought to be recovered, was directly in issue, and presented a question which the court was compelled to decide, and it was therefore held that a freehold was involved in the case within the meaning of the constitution and the statute regulating appeals to this court." In Town of Brushy Mound v. McClintock, 146 Ill. 643, the court said: "A freehold is not only involved where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, but also when the title is so put in issue by the pleadings, that the decision of the case necessarily involves a decision of such issue." In Herman v. Com'rs of Highways, 197 Ill. 94, in holding that a freehold was not involved in a certain suit which originated before a justice of the peace, the court said: "The case differs from an action of trespass *quare clausum fregit* where the plea of *liberum tenementum* has been interposed." In Herschbach v. Cohen, 207 Ill. 517, the court illustrates the manner in which the title may or may not be involved in an action of trespass *quare clausum fregit* as follows: "If, in an action of trespass *quare clausum fregit* to recover damages for the cutting of timber upon the plaintiff's land, the plea is the general issue, or not guilty, and the defendant denies that he cut the timber, then the issue is one of fact, presented to the jury, as to whether or not the defendant did cut the timber, and as to how much the defendant should pay as damages for the timber so cut. In the case of such an issue in the action of trespass the judgment of course decides nothing as to title. If, however, the defendant in the action of trespass, so brought, admits that he cut the timber, but claims that he had the right to do so be-

cause the land was his own land, then an issue is made as to the ownership of the land. The ownership of the land must be determined, in order to decide whether the defendant had the right to cut the timber or not. In the case of such an issue being made the question of ownership or title is directly involved."

Plaintiff proved that under date of May 1, 1902, Frank Haumesser leased him these premises for three years from July 1, 1902; that he took possession and lived in the premises and sold beer there for the Pabst Brewing Company; that he was convicted of illegal liquor selling and sentenced to imprisonment in the county jail for ninety days, and entered upon said imprisonment, leaving the premises locked, and his beer, wearing apparel and household furniture within the building; that on April 14, 1903, and while he was in jail serving said sentence, the defendants broke into the building, removed his locks and put on others, and refused him admission or possession when he returned from jail. The defense introduced proof that a suit for partition of the premises was pending when Haumesser leased them to plaintiff, and that more than ten days before the March term, 1902, or some two months before the lease, Haumesser and all other defendants had been duly served with summons in said cause; that afterwards there was a decree of partition therein, a decree of sale, a sale by the master approved by the court, a deed to the purchaser, A. H. Dickes, and a deed from Dickes to Ferdinand Schwartz; that thereafter defendants went to the premises, found them vacant of human beings but locked, and by virtue of the title so acquired removed a piece of pasteboard which had been nailed over a broken window, entered through the window, removed the locks, put on others, and refused possession of the building to plaintiff when he returned from jail. Defendants proved that the Pabst Brewing Company took away the beer; that the place had remained locked up ever since they entered, and that no one had removed or interfered with plaintiff's wearing apparel and household furniture. They introduced proof that they offered

to permit plaintiff to remove the personal property.   This he denied, but he did not claim he had ever asked them for his personal property or that defendants had ever moved, used or injured it.   Defendants claim that by the deeds from the master to Dickes and from Dickes to Ferdinand Schwartz, the latter became the owner of the property and entitled to immediate possession; that as the court had acquired jurisdiction of Haumesser in the partition proceedings before he leased the premises to plaintiff, the latter took subject to the decree in that suit, as completely as if he were a party defendant thereto, under the rules of law stated and illustrated by us in Macgregor v. Malarkey, 96 Ill. App. 421, and that therefore they (Ferdinand as owner and Joseph as his agent), had a right to make a peaceable entry without being liable to an action by plaintiff therefor, and that they made such peaceable entry; and that if they did not enter peaceably, still plaintiff could not recover damages for the injury which they did to their own window and locks, to their own building.   They rely upon such legal principles as are laid down in Herschbach v. Cohen, *supra*, where the court quoted with approval from Dean v. Comstock, 32 Ill. 173, as follows :  " Trespass being a possessory action, it is not at all necessary that the right should come in question.   But if it does come in question, as it did in this case, by the plea of *liberum tenementum*, and the defendant has shown, as he did show, that he owned the premises in fee, he cannot, on any principle of law with which we are acquainted, be rendered responsible to a person having neither a right to the property nor to the possession."

If defendant, Ferdinand Schwartz, was the owner of the premises, as his plea alleged and his proof tended to show, and entitled to immediate possession as against plaintiff, then he, and his son Joseph acting for him, were either not liable to plaintiff at all in this action, or they were liable only to nominal damages.   If, however, Ferdinand Schwartz did not have title, as the replications to the special pleas alleged he did not, then defendants were not only liable

to plaintiff for the damage done to the window and doors and locks, but also for the damages plaintiff sustained in being shut out and expelled from his dwelling and place of business. It is clear that in order to decide whether plaintiff was entitled to recover from defendants the substantial sum of $210, we must decide whether or not the proof shows that Ferdinand Schwartz owned the fee—in other words, whether the premises were his freehold estate at the time he, or his son for him, made the entry therein. The decision of this case involves a freehold, and we have no jurisdiction to decide that question. The appeal is therefore dismissed.

*Appeal dismissed.*