THE SANITARY DISTRICT OF CHICAGO, Appellant, *vs.* THE BOARD OF REVIEW OF WILL COUNTY, Appellee.

*Opinion filed April 19, 1913.*

1. TAXES—*prism of main drainage channel of sanitary district in Lockport is not exempt from taxation.* The prism of the main drainage channel of the Sanitary District of Chicago, its controlling works in Lockport township and its other property claimed to be exempt from taxation are not so exempt, but must bear their proportionate share of taxes the same as other property. (*Sanitary District* v. *Gifford,* 257 Ill. 424, followed.)

2. BOARDS OF REVIEW—*limit of right to appeal from decision of board of review.* The right to appeal from a decision of a board of review is limited to cases in which it is claimed that property assessed is exempt from taxation.

3. SAME—*what does not involve question of exemption.* The claim that certain property of a sanitary district which was assessed as personal property should have been assessed as real estate involves only the question whether such property has been assessed under the proper head, and does not involve the question of exemption from taxation upon the theory that the property, as personal property, has no existence.

4. SAME—*remedy where it is claimed that assessment is so excessive as to amount to fraud.* Where it is claimed that an assessment by the board of review is so grossly excessive as to amount to fraud the property owner's remedy is by injunction, and the question cannot be considered upon the Auditor's certificate of appeal to review the decision of the board.

AUDITOR's certificate of appeal to review the decision of the board of review of Will county.

EDMUND D. ADCOCK, (P. C. HALEY, and JAMES S. HANDY, of counsel,) for appellant.

P. J. LUCEY, Attorney General, and SNAPP & HEISE, (ROBERT W. MARTIN, State's Attorney, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Sanitary District of Chicago filed written objections with the board of review of Will county as to the assessment of its real and personal property in the township of Lockport, in said county, as made by the assessor of said county for the year 1912. After hearing and a finding by said board of review the sanitary district prayed an appeal, transmitting to the Auditor, under the certificate of the clerk of said board, the decision of said board.

The sanitary district insists that much of its property assessed is exempt from taxation; that the prism of the main drainage channel situated in said township, its controlling works, bear-trap dam, butterfly dam, and other property which it is unnecessary to enumerate, were all exempt as the property of a municipal corporation used for public purposes. In the recent case of *Sanitary District of Chicago* v. *Gifford,* 257 Ill. 424, substantially the same arguments were made by the sanitary district as to the exemption of this and like property from taxes for the year 1911 and we held it was not exempt. That decision must control here.

It is further insisted that the spoil banks and the lines of appellant used to transmit electricity from its power house located in said township are real estate but are assessed as personal property. The right of appeal from a decision of the board of review is restricted to cases in which it is claimed that the property assessed is exempt from taxation. (*Keokuk and Hamilton Bridge Co.,* v. *Peo-*

*ple,* 185 Ill. 276; *Dutton* v. *Board of Review,* 188 id. 386; *Havemeyer & Co.* v. *Board of Review,* 202 id. 446.) It is insisted, however, by counsel for the sanitary district, that as the spoil banks and transmission lines are real estate they do not exist as personal property and therefore must be held as exempt from taxation. With this we cannot agree. This court said in *In re Appeal of Wilmerton,* 206 Ill. 15, that the action of a board of review in assessing credits as property omitted in previous years could not be considered on such an appeal, since the question was one of double assessment rather than that of assessing exempt property. On principle this question does not differ from the one raised in that case. The law fixes the same rate of tax on personal property as for real estate. The question as to the taxation of said spoil banks and transmission lines is therefore not one of exemption, but whether the property has been assessed under the proper heading. We cannot consider, on this appeal, the decision of the board of review on that question.

It is further insisted that the assessment of the board of review is so grossly excessive as to amount to constructive fraud. Under the authorities already cited this question cannot be raised on this appeal. The remedy for the property owners under such circumstances is by a bill in chancery for injunction, and not by appeal from the decision of the board of review. *Duckett* v. *Gerig,* 223 Ill. 284; *Weber* v. *Baird,* 208 id. 209.

Other points argued in the briefs are disposed of by our decision of the matters already considered.

The decision of the board of review must therefore be affirmed.                    *Decision affirmed.*