(No. 12195.—Judgment reversed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE
MORTON SALT COMPANY, Appellant.

*Opinion filed October 21, 1918.*

1. TAXES—*the board of assessors not required to send notice of
assessment to property owner.* The board of assessors is not re-
quired to send notice of an assessment to the property owner, but
the statute requires the clerk of the board, upon request of a prop-
erty owner, to furnish him with a description of his assessed prop-
erty and the value thereof, so that he may, if he desires, apply to
the board of review to change the assessment.

2. SAME—*when tax on capital stock is illegal.* Where a corpo-
ration returns its list of tangible property for assessment, together
with a capital stock schedule showing that its capital stock has no
value in excess of its tangible property, and thereafter obtains from
the clerk of the board of assessors a statement authorized by the
board showing the corporation's personal property assessment to be
on its tangible property, only, there being nothing to show a capi-
tal stock assessment which had been made by the board of assessors
without the knowledge of the corporation, by reason of which the
corporation, relying on such statement, makes no application to the
board of review, the tax on such capital stock is illegal and cannot
be recovered in a suit at law.

3. SAME—*what need not be proved by a defendant in suit to
recover capital stock tax.* If the defendant in a suit to recover a
capital stock tax shows that the tax was illegally assessed it is not
required to prove that the capital stock is of no value or of less
value than it was assessed, as courts have no power to determine
the amount of an assessment.

APPEAL from the Superior Court of Cook county; the
Hon. HUGO PAM, Judge, presiding.

EDWARD H. STEARNS, for appellant.

MACLAY HOYNE, State's Attorney, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This action was brought in debt by the People against
the Morton Salt Company, a corporation, to recover per-
sonal property taxes alleged to be due and unpaid for the

year 1915. The declaration alleged $934.38 general taxes
were levied and extended against defendant's personal prop-
erty and that defendant had failed to pay the same. De-
fendant filed a plea of *nil debet,* with notice of special matter
ter it would rely upon as a defense. The defense set up
and relied on was that defendant had filed a personal prop-
erty schedule of its tangible personal property for assess-
ment by the board of assessors, which property was valued
at $4565. It also filed a capital stock schedule, which the at-
torney for defendant testified showed that the capital stock
had no value in excess of the value of the tangible personal
property of defendant. At some time after said schedules
were filed, defendant claims that, unknown to it, the capital
stock was assessed by the board of assessors at a value of
$50,000 in addition to the tangible personal property as-
sessment, which made the total valuation for assessment of
defendant's personal property $54,565. The tax extended
amounted to $1019.78. Defendant contends it never had
notice of the assessment of its capital stock; that some time
during July, 1915, its attorney called at the office of the
board of assessors for a statement of the amount of the
valuation placed by the board on its personal property and
was given a printed statement, to which were attached the
printed signatures of the members of the board of assessors,
which showed defendant's personal property had been as-
sessed at $4565, and that, relying on this printed statement,
defendant made no application to the board of review for
a reduction of its assessment. The assessment roll showed
defendant had been assessed on various items of tangible
personal property amounting to $4565, and in a column
headed "Property of Co.'s and corporations not otherwise
enumerated," $50,000, making a total valuation of $54,565
and an assessed valuation of $18,188. The defendant paid
$85.40, which would have been the amount of the tax on a
valuation of $4565, and refused to pay the balance, $934.38,
for which amount this suit was brought. Plaintiff recov-

ered a judgment against defendant for that sum, and defendant has appealed to this court.

The board of assessors was not required to send notice to defendant of the assessment. The law requires the assessments made by the board of assessors to be turned over for revision to the board of review July 1, and the property owner can, upon inquiry, ascertain what his assessment is as made by the board of assessors, and if he objects to the assessment he may apply to the board of review to change the assessment. (*Carney* v. *People*, 210 Ill. 434.) Section 27 of the Revenue act of 1898 (Hurd's Stat. 1917, p. 2486,) requires the clerk of the board of assessors, upon request of a property owner, to furnish him a description of his property assessed and the valuation thereof. Defendant's attorney, some time during the month of July, applied to the chief clerk of the board of assessors for information as to what defendant's personal property assessment was. He was given a printed list headed, "Personal property assessment 1915 as listed by the board of assessors of Cook county." Then followed a list of the names of property owners and the valuation of their property assessed. In the list was, "Morton Salt Company, 80 E. Jackson Blvd., $4565." Defendant's attorney testified that relying on that information and having no knowledge of the capital stock assessment no application was made to the board of review for a reduction.

A member of the board of assessors testified the printed list was issued by authority of the board. The list gave no information of any capital stock assessment, which the clerk of the board of assessors testified was in a separate item from the tangible personal property assessment. It was a part of defendant's personal property assessment, and when, in answer to its request for information as to that assessment, it was furnished a statement showing an assessment on $4565 of personal property, it was warranted in believing it had not been assessed on any other amount.

The clerk of the board of assessors, over objection of defendant, testified to a custom of the board of sending notices to corporations of their capital stock assessment, but he did not testify that any such notice was sent defendant and there was no other proof of that fact. It would seem defendant exercised all the diligence the law required of it when its attorney called on the board of assessors to find what its personal property assessment was, so that if it was not satisfied it could ask the board of review for a reduction. It was prevented from complaining to the board of review by the information given that it was assessed on a valuation of $4565. If the capital stock assessment had not been made by the board of assessors but had been made by the board of review as an original assessment, said board would have been obliged to give defendant notice of the assessment and an opportunity to be heard. (*Carney* v. *People, supra.*) Here the assessment was made by the board of assessors, but defendant, without any fault on its part, was, in effect, informed by the board of assessors that its capital stock had not been assessed, and the position it was placed in was similar to what it would have been had the assessment been made by the board of review and no notice given of it. If in the one case the effect would be to take property without due process of law it seems the effect would be the same in the other.

Defendant paid the personal property tax legally assessed. The other tax sought to be collected was not legally assessed for the reasons stated, and defendant was not required to prove that its capital stock was of no value or that it was of less value than it was assessed. Courts have no power to fix or determine the amount of an assessment. *Keokuk and Hamilton Bridge Co.* v. *People,* 185 Ill. 276; *Huling* v. *Ehrich,* 183 id. 315.

The judgment of the superior court is reversed.

*Judgment reversed.*