(No. 21802.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* THE SPURGEON MERCANTILE COMPANY, Appellee.

*Opinion filed June 16, 1933.*

LEE R. LAROCHELLE, WM. B. WALRATH, and ELMER M. WALSH, (TIMOTHY G. LOWRY, of counsel,) for appellant.

JOHN M. BYRNE, (ELMER F. DENEKE, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellee, the Spurgeon Mercantile Company, is a corporation organized under the law of this State. It has its principal office in the town of South Chicago, in Cook county. It is engaged in the mercantile business and operates thirty-five stores, located in Iowa, Minnesota, Wiscon-

sin, and in this State outside of Cook county. For the year 1930 it filed with the board of assessors of Cook county a schedule of its personal property, in which it listed office furniture valued at $2700 and money on hand in the amount of $136. It filed no statement of its capital stock. The board of assessors assessed its capital stock at $10,000, its office furniture at $2700 and its money on hand at $136, a total assessment of $12,836. No complaint was filed with or made to the board of review of Cook county of the assessment. Taxes of $865.15 were extended against appellee on the assessment and a warrant was issued to the county collector. The taxes were not paid by appellee, and the collector made his return showing the taxes so extended uncollected. An action of debt against appellee in the name of the People was filed in the circuit court of Cook county to recover judgment for the amount of taxes. To the declaration appellee filed a plea of *nil debet*. The case was tried before the court without a jury and judgment was rendered against appellee for $191.15, the amount of taxes extended on the assessment on office furniture and money on hand and interest and penalties. This is an appeal by the People from that judgment.

It is the contention of appellant, the People, that the court erred in not entering judgment for $865.15, the total amount of taxes extended and uncollected, together with interest and penalties. On the other hand, appellee contends that the court properly refused judgment for the taxes extended on the assessment of its capital stock because that assessment was not properly made.

Appellee does not deny that the board of assessors had the power and that it was its duty to assess appellee's capital stock, and there is no question but that that board was the proper body to make such assessment. (*People* v. *Federal Security Co.* 255 Ill. 561; *Consolidated Coal Co.* v. *Miller*, 236 id. 149.) The board of assessors was not re-

quired to give notice to appellee of the assessment of its capital stock. (*People* v. *Morton Salt Co.* 285 Ill. 180.) There is no showing that appellee, or any of its officers or employees, ever inquired of the board of assessors or its chief clerk concerning the assessment made on its property and was given or refused information concerning the assessment. It is not contended that the assessment was fraudulently made, but appellee contends, and introduced evidence tending to show, that the assessment of its capital stock was made by the board of assessors as an estimate, without information as to its value, and that the board did not, in making the assessment, follow the rule of the State Tax Commission prescribing the method of assessing the capital stock of corporations. The evidence shows that capital stock of the appellee had been issued to the amount of $441,200; that the assessed valuation of the property in its stores outside of Illinois was $62,372 and of the property in its stores in Illinois was $57,570, and that on these assessed valuations taxes in the amount of $8682.61 were extended. There is considerable discussion in the briefs as to whether or not, in making an assessment on the capital stock of appellee, the board of assessors should have made deduction of the assessed value of appellee's property located outside the State, but we do not consider it necessary or proper to discuss or decide that question. This is not an appeal to review the action of the board of appeals in making the assessment. Appellee, if it wanted to question the assessment on the ground that it was excessive or improperly made, should have filed complaint with the board of review. It cannot be permitted to defend the action for collection of the delinquent tax on the ground of irregularities in the assessment or over-valuation by the assessing officers. *People* v. *Elmwood Cemetery Co.* 317 Ill. 547.

The circuit court erred in refusing judgment for the taxes extended on the assessment on appellee's capital stock,

and the judgment of that court is reversed and the cause is remanded, with directions to enter judgment against appellee for the full amount of the delinquent taxes, with interest and penalties as provided by statute.

*Reversed and remanded, with directions.*